## MOBILEVISION IMAGING SERVICES, L.L.C., Appellant

v.

## LIFECARE HOSPITALS OF NORTH TEXAS, L.P. d/b/a LifeCare Hospitals of Plano, Appellee.

### No. 05–07–00702–CV.

Court of Appeals of Texas, Dallas.

June 26, 2008.

---

David S. Coale and Lindsay R. Barton, Carrington, Coleman, Sloman & Blumenthal, L.L.P., Dallas, for Appellant.

Beverly B. Godbey, Stacy R. Obenhaus, Sheryl Kao, Gardere, Wynne & Sewell, L.L.P., Dallas, for Appellee.

Before Justices MORRIS, FITZGERALD, and LANG.

## OPINION

Opinion by Justice FITZGERALD.

The trial court rendered a default judgment against appellant MobileVision Imaging Services, L.L.C. and denied MobileVision's motion for new trial. We conclude that the record does not affirmatively demonstrate that MobileVision was properly served with process. Accordingly, we reverse the default judgment.

## I. Background

### A. Facts

MobileVision is a limited liability company with its principal place of business in Waterford, Michigan. Appellee LifeCare Hospitals of North Texas, L.P. d/b/a Life-Care Hospitals of Plano, a Texas limited partnership having its principal place of business in Collin County, Texas, bought a CT scanner from MobileVision in 2005. MobileVision also agreed to provide service maintenance for the scanner for one year.

### B. Procedural history

LifeCare sued MobileVision for breach of contract and breach of warranty in Collin County district court on July 28, 2006. LifeCare alleged that the CT scanner was malfunctioning, that a component part of the scanner needed to be replaced, and that MobileVision refused to repair the scanner. The evidence shows that Life-Care emailed a copy of the petition to MobileVision's attorney on September 15, 2006. In that same email, LifeCare advised that it intended to initiate service of process if MobileVision did not agree by the end of the day to repair the scanner.

On or about September 25, 2006, Life-Care arranged for the district clerk to effect long-arm service of process on MobileVision through the Texas Secretary of State. The secretary of state's office certified that it received process on October 5, 2006, and that it forwarded the process on October 17, 2006 to MobileVision at the address for MobileVision's registered agent that LifeCare had stated in its original petition. The secretary of state's office further certified that the process was returned on November 16, 2006 bearing the notation "Unclaimed."

MobileVision's managing member, Scott Milgrom, filed an affidavit in support of MobileVision's motion for new trial in which he swore that he did not receive the process from the secretary of state or any notice of any attempted delivery of certified mail from the secretary of state. In February 2007, however, Milgrom did receive a letter from the trial judge stating that the case would be dismissed for want of prosecution on March 30, 2007, unless certain steps were taken. Milgrom relied on a Michigan attorney to determine whether a case had been filed and whether MobileVision needed to take any action. The attorney filed his own affidavit in which he swore that he contacted the district clerk's office, explained that MobileVision had never received any documents in the case prior to the judge's letter, and was told that MobileVision did not need to take any action because the case was going to be dismissed for want of prosecution. Milgrom relied on the attorney's advice, and MobileVision did not answer or otherwise appear. LifeCare filed a motion for default judgment on March 12, 2007. The trial judge signed a default judgment against MobileVision on that same date.

MobileVision timely filed a motion for new trial, which was overruled. MobileVision timely perfected appeal to this Court.

## II. Analysis

MobileVision raises five issues on appeal. In its first issue, MobileVision contends that the default judgment must be reversed because the record does not reflect that LifeCare strictly complied with the rules governing long-arm service of process. We agree.

### A. Applicable law

We review a trial court's denial of a motion for new trial after a no-answer default judgment for abuse of discretion. *In re R.R.*, 209 S.W.3d 112, 114 (Tex.2006) (per curiam).

A defendant can prove its entitlement to a new trial after a no-answer default in one of two ways. If the defendant was properly served with process, it must prove the three familiar elements from *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124 (1939). But if the defendant never received service of process, it is generally entitled to a new trial without any further showing. *Fid. & Guar. Ins. Co. v. Drewery Constr. Co., Inc.*, 186 S.W.3d 571, 574 (Tex.2006) (per curiam). Moreover, "[r]eceiving suit papers or actual notice through a procedure not authorized for service is treated the same as never receiving them." *Id.* at 574 n. 1; *see also Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex.1990) ("Actual notice to a defendant, without proper service, is not sufficient to convey upon the court jurisdiction to render default judgment against him."); *Marrot Commc'ns, Inc. v. Town & Country P'ship*, 227 S.W.3d 372, 376–79 (Tex.App.-Houston [1st Dist.] 2007, pet. denied) (reversing default judgment without reaching *Craddock* elements after concluding that service was defective); *Medtek Lighting Corp. v. Jackson*, No. 05–04–00335–CV, 2005 WL 2002159, at *2 (Tex. App.-Dallas Aug. 22, 2005, pet. denied) (mem. op.) ("A default judgment entered following substituted service [on the secretary of state] is improper against a defendant who has not been served in strict compliance with the rules relating to service of citation, even if the defendant had actual notice of the lawsuit.").

Finally, "[t]he plaintiff has the burden of affirmatively showing strict compliance with the [long-arm] statute." *Boreham v. Hartsell*, 826 S.W.2d 193, 195 (Tex.App.-Dallas 1992, no writ); *accord Medtek Lighting Corp.*, 2005 WL 2002159, at *2. When the plaintiff relies on service through the secretary of state, the record must show that (1) the defendant was amenable to service through the secretary of state and (2) the defendant was in fact served in the manner required by the statute. *Allodial Ltd. P'ship v. Susan Barilich, P.C.*, 184 S.W.3d 405, 408 (Tex.App.-Dallas 2006, no pet.).

### B. Application of the law to the facts

In its first issue, MobileVision argues that it was entitled to a new trial because service was defective in two respects: (1) the record does not show that the Texas Secretary of State was MobileVision's agent for service of process, and (2) the record does not show that the address used by the Texas Secretary of State was the address required to be used by the long-arm statute.

As to the first defect alleged by MobileVision, we agree that LifeCare did not plead the facts necessary to show that the Texas Secretary of State was MobileVision's agent for service of process under the long-arm statute. The long-arm statute provides as follows:

(a) The secretary of state is an agent for service of process or complaint on a nonresident who:

    (1) is required by statute to designate or maintain a resident agent or en-

gages in business in this state, but has not designated or maintained a resident agent for service of process[.]

(b) The secretary of state is an agent for service of process on a nonresident who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process, in any proceeding that arises out of the business done in this state and to which the nonresident is a party.

Tex. Civ. Prac. & Rem.Code Ann. § 17.044(a)(1), (b) (Vernon 1997). In its petition, LifeCare alleged:

MobileVision is a Michigan limited liability company with its principal place of business in Waterford, Michigan. It may be served with process by serving the Secretary of State who should mail process to its registered agent, Scott M. Milgrom at 337 Beverly Estates, Waterford, Michigan 48328.

Elsewhere in its petition, LifeCare alleged that MobileVision regularly conducts business in Texas. LifeCare did not allege that MobileVision "has not designated or maintained a resident agent for service of process" as required by section 17.044(a)(1). Nor did LifeCare allege that MobileVision "does not maintain a regular place of business in this state or a designated agent for service of process" as required by section 17.044(b). We and other courts of appeals have often reversed default judgments when the plaintiff did not include specific allegations in the petition that satisfied the elements of section 17.044. *E.g., Medtek Lighting Corp.*, 2005 WL 2002159, at *2–3 (holding petition was insufficient to satisfy § 17.044(b)); *S. Mill Mushrooms Sales v. Weenick*, 851 S.W.2d 346, 350 (Tex.App.-Dallas 1993, writ denied) (same); *see also Redwood Group, L.L.C. v. Louiseau*, 113 S.W.3d 866, 870

(Tex.App.-Austin 2003, no pet.) (holding service was improper because plaintiff failed to allege that defendant did not appoint or maintain a registered agent in Texas); *Lozano v. Hayes Wheels Int'l, Inc.*, 933 S.W.2d 245, 247–48 (Tex.App.-Corpus Christi 1996, no writ) (holding petition was insufficient to satisfy either § 17.044(a)(1) or (b) because it did not "exactly adhere to the language of the statute").

■ LifeCare makes three responses to MobileVision's argument that LifeCare's petition was inadequate to show that the Texas Secretary of State was MobileVision's agent for service of process under section 17.044. First, it argues that it need not show service of process in strict compliance with section 17.044 because its petition and other facts and circumstances still afforded MobileVision reasonable notice of the suit and an opportunity to be heard. LifeCare further points out that MobileVision had actual notice of the lawsuit before the rendition of the default judgment by virtue of, among other things, the trial judge's letter setting the case for dismissal for want of prosecution. Accordingly, LifeCare concludes, the objectives of the long-arm statute were satisfied despite any pleading deficiencies. We disagree. The law is clear that reasonable notice or actual notice of a pending lawsuit cannot substitute for proper service of process. "Rather, jurisdiction [to render a default judgment] is dependent upon citation issued and served in a manner provided by law." *Wilson*, 800 S.W.2d at 836. "Actual notice to a defendant, without proper service, is not sufficient to convey upon the court jurisdiction to render default judgment against him." *Id.* The propriety of service is evaluated under a strict-compliance standard. *Boreham*, 826 S.W.2d at 195. Thus, regardless of whether MobileVision had actual notice of this lawsuit,

the default judgment can stand only if LifeCare strictly complied with the long-arm statute and served MobileVision in the manner provided by law.

■ Second, LifeCare argues that its petition actually satisfied the requirements of section 17.044 under the strict-compliance standard. We cannot agree. Under our precedents, strict compliance requires very close adherence to the language of the long-arm statute, and we may not "indulge in inferences to determine whether a plaintiff has sufficiently alleged jurisdictional facts." *Boreham v. Hartsell*, 826 S.W.2d 193, 196 (Tex.App.-Dallas 1992, no writ). In *Boreham*, the question presented was whether the plaintiff had adequately alleged that the service address provided in the petition was the defendant's "home or home office," as required by section 17.045 of the civil practice and remedies code. *Id.* at 195. The plaintiff had pleaded only that the secretary of state should mail the process to the defendant at a certain address in California without alleging that it was the defendant's home or home office, and we held that this omission was fatal to the service and to the default judgment. *Id.* at 195–97. We rejected the plaintiff's argument that we could infer that the address was the defendant's home address because the address included the phrase "No. 17," which was consistent with an apartment address. *Id.* at 196–97. We applied the same strict-compliance standard to allegations under section 17.044 in *Medtek Lighting Corp.*, 2005 WL 2002159, at *2–3. Much like LifeCare did in this case, the plaintiff in *Medtek* alleged that the defendant was a nonresident corporation doing business in Texas, but she did not allege that the defendant had no regular place of business

in Texas or registered agent for service of process. *Id.* at *3. We reversed the default judgment because of the defective service of process. *Id.; accord Lozano v. Hayes Wheels Int'l, Inc.*, 933 S.W.2d 245, 248 (Tex.App.-Corpus Christi 1996, no writ) (holding that plaintiff's allegations were insufficient because they "did not exactly adhere to the language of the [long-arm] statute"). We have already detailed the ways in which LifeCare's petition failed to track the language of section 17.044. Under *Boreham* and *Medtek*, LifeCare's petition did not satisfy the strict-compliance standard.

■ LifeCare urges us to apply the less stringent version of the strict-compliance standard applied by the Fort Worth Court of Appeals in *Mahon v. Caldwell, Haddad, Skaggs, Inc.*, 783 S.W.2d 769 (Tex.App.-Fort Worth 1990, no pet.). In that case, the *Mahon* court affirmed a default judgment by indulging in an inference that the defendant's "business address," which was proved by the plaintiff at the default-judgment hearing, was also the defendant's "home office" as required by section 17.045. *Id.* at 771. In *Boreham*, a panel of this Court specifically rejected *Mahon*'s lenient version of the strict-compliance standard. *See Boreham*, 826 S.W.2d at 196 ("In our view, the *Mahon* court gave only lip service to [the strict-compliance standard] and incorrectly broadened the [long-arm] statute. We decline to follow *Mahon*.").[1] We may not overrule a prior panel decision of this Court absent an intervening change in the law by the legislature, a higher court, or this Court sitting en banc. Accordingly, we adhere to our holdings in *Boreham* and *Medtek* that the strict-compliance standard requires close adherence to the precise

---

1. Other courts of appeals have also declined to follow *Mahon*. *Seeley v. KCI USA, Inc.*, 100 S.W.3d 276, 279 (Tex.App.-San Antonio 2002, no pet.); *Whiskeman v. Lama*, 847 S.W.2d 327, 329 (Tex.App.-El Paso 1993, no writ).

language of the long-arm statute and does not permit the use of inferences to fill any gaps. We conclude that LifeCare's petition does not satisfy either section 17.044(a)(1) or section 17.044(b) under that exacting standard.

At oral argument, LifeCare raised a third argument, which is that we should review the totality of the record rather than just the face of the petition and citation, and that the totality of the record shows that LifeCare carried its burden of strict compliance with section 17.044. For support, LifeCare relies on the Texas Supreme Court's recent decision in *Fidelity and Guaranty Insurance Co.*, in which the court discussed the distinction between restricted appeals and appeals from a denial of a motion for new trial:

> A restricted appeal is filed directly in an appellate court. As in any other appeal, the appellate court does not take testimony or review evidence. Instead, the review is limited to errors apparent on the face of the record. In such appeals, "[t]here are no presumptions in favor of valid issuance, service, and return of citation." Circumstances require this last rule, because presumptions can neither be confirmed nor rebutted by evidence in an appellate court. . . .
>
> By contrast, when a default judgment is attacked by motion for new trial or bill of review in the trial court, the record is not so limited. In those proceedings, the parties may introduce affidavits, depositions, testimony, and exhibits to explain what happened.

186 S.W.3d at 573–74 (citations omitted). Given these differences between the two procedures, the court observed, "cases concerning one do not necessarily apply to the other." *Id.* at 573. From this discussion, LifeCare extrapolates that we may consider the entire record before the trial court and are not limited to the recitations in the pleadings and the citation.

Although LifeCare urges us to consider the entire record in measuring LifeCare's compliance with section 17.044, it does not direct us to any specific evidence within that record that establishes strict compliance. We have reviewed the evidence in our record and find nothing to establish the elements necessary under section 17.044 to make the secretary of state MobileVision's agent for service of process.[2] Nothing in the record demonstrates that MobileVision "has not designated or maintained a resident agent for service of process" as required by section 17.044(a)(1). Nor does anything in the record demonstrate that MobileVision "does not maintain a regular place of business in this state or a designated agent for service of process" as required by section 17.044(b). Thus, assuming without deciding that LifeCare is correct and we can refer to evidence outside the pleadings and the citation, we conclude that the record still does not show that LifeCare strictly complied with the long-arm statute.

LifeCare did not carry its burden of establishing strict compliance with the long-arm statute. Accordingly, the trial court abused its discretion by failing to grant MobileVision's motion for new trial. We sustain MobileVision's first issue, which makes it unnecessary for us to consider its remaining issues.

---

2. In a case involving service under the Texas Business Corporation Act, the Houston First Court of Appeals has held that the trial court may not consider evidence presented after the rendition of a default judgment in determining whether service was valid. *Marrot*

*Commc'ns, Inc.*, 227 S.W.3d at 378–79. We need not reach this issue because the parties presented no evidence of strict compliance, whether before or after the rendition of the default judgment.

### III. Conclusion

We reverse the judgment of the trial court and remand this matter to the trial court for further proceedings consistent with this opinion.