In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-09-00022-CV


____________________



PPI TECHNOLOGY SERVICES, LP, Appellant



V.



CHRISTIAN OPERATING COMPANY, Appellee 


 




On Appeal from the 58th District Court


Jefferson County, Texas


Trial Cause No. A-179,689






MEMORANDUM OPINION



 PPI Technology Services, LP ("PPI") appeals the default judgment taken by Christian
Operating Company ("Christian"). We hold that the plaintiff failed to establish service of
citation on the defendant. Accordingly, we reverse the default judgment and remand the case
to the trial court.

 WISE Well Intervention Services, formerly known as P.E.T. International, Inc., 
successor by merger to Production Enhancement Technology, LLC ("Wise Well"), sued 
Christian on a claim for work performed by Wise Well at Christian's Doornbos 306 Lease
in the Doornbos Oil Field. Christian brought third-party claims against PPI for breach of
contract, fraud, and gross negligence. On October 30, 2008, the trial court signed a judgment
that granted Christian judgment in the amount of $20,000, "which is the amount owed for
PPI Technology Services, LP's failure to pay Wise Well Intervention Services, Inc.[,]" plus
attorneys' fees in the amount of $9,034, interest, and costs. The trial court dismissed Wise
Well's claims against Christian on November 4, 2008. On November 26, 2008, PPI filed a
motion for new trial. The trial court conducted a hearing on the motion for new trial, but the 
motion was overruled by operation of law and PPI perfected appeal.

 PPI raises two issues on appeal. Issue one contends the trial court erred in granting
a default judgment when PPI had not been properly served. Issue two contends the trial court
erred in failing to set aside the default judgment upon a showing by PPI that: (1) its failure
to answer the suit was not intentional or the result of conscious indifference; (2) it has a
meritorious defense to Christian's claims; and (3) the granting of a new trial would not
occasion delay or otherwise work an injury to Christian.

 Christian's third-party petition stated that PPI could be served through its registered
agent, Ronald D. Thomas, at a particular address in Houston. The District Clerk mailed a
citation to PPI through its registered agent at that address by certified mail, return receipt
requested. Thomas did not sign the return receipt. A person named C.A. Miller signed the
return receipt. At the motion for new trial hearing, counsel for PPI explained that C.A.
Miller is a receptionist for PPI.

 Strict compliance with the rules for service of citation must affirmatively appear on
the face of the record for a default judgment to withstand direct attack. Primate Constr., Inc.
v. Silver, 884 S.W.2d 151, 152 (Tex. 1994). Citation may be served by "mailing to the
defendant by registered or certified mail, return receipt requested, a true copy of the citation
with a copy of the petition attached thereto." Tex. R. Civ. P. 106(a)(2). "Service by
registered or certified mail . . . must, if requested, be made by the clerk of the court in which
the case is pending." Tex. R. Civ. P. 103. "When the citation was served by registered or
certified mail as authorized by Rule 106, the return by the officer or authorized person must
also contain the return receipt with the addressee's signature." Tex. R. Civ. P. 107. "If the
return receipt is not signed by the addressee, the service of process is defective[.]" Bradley
Wells Corp. v. Higginbotham, No. 12-04-114-CV, 2004 WL 2423563, at *2 (Tex. App.--Tyler Oct. 29, 2004, no pet.) (mem. op.); see also Keeton v. Carrasco, 53 S.W.3d 13, 19
(Tex. App.--San Antonio 2001, pet. denied).

 Christian argues that PPI judicially admitted that someone other than its registered
agent could receive service of process via certified mail, return receipt requested. PPI argued 
in its motion for new trial that Christian had previously personally served non-party
discovery on PPI at its offices and therefore knew a method of obtaining service on PPI and
knew that PPI was represented by counsel in this matter. A person named Susan G.
Holloway signed the bottom of the officer's return. Christian argues that by conceding that 
it received service of the non-party discovery request, PPI judicially admitted that a person
other than a president, vice-president, or registered agent was authorized to accept service
on behalf of PPI, and that PPI should therefore be estopped from asserting that C.A. Miller
could not receive the citation on behalf of PPI. Christian cites no precedent or other authority
for this proposition, nor does it cite any authority for its argument that public policy mandates
that PPI was properly served.

 "[F]ailure to affirmatively show strict compliance with the Rules of Civil Procedure
renders the attempted service of process invalid and of no effect." Wilson v. Dunn, 800
S.W.2d 833, 836 (Tex. 1990) (quoting Uvalde Country Club v. Martin Linen Supply Co., 690
S.W.2d 884, 885 (Tex. 1985)). "In no case shall judgment be rendered against any defendant
unless upon service, or acceptance or waiver of process, or upon an appearance by the
defendant, as prescribed in these rules, except where otherwise expressly provided by law
or these rules." Tex. R. Civ. P. 124. "[A] default judgment is improper against a defendant
who has not been served in strict compliance with law, even if he has actual knowledge of
the lawsuit." Wilson, 800 S.W.2d at 837. In this case, the attempted service on Thomas did
not strictly comply with the requirements of the Rules of Civil Procedure.

 When a defendant against whom a default judgment has been taken files a motion for
new trial in which it argues a defect in service, the plaintiff may through evidence establish
that the defendant had in fact been served. See Fidelity & Guar. Ins. Co. v. Drewery Const.
Co., Inc., 186 S.W.3d 571, 573-74 (Tex. 2006). In Fidelity, the undisputed evidence
presented on motion for new trial showed Fidelity's registered agent received the suit papers. 
Id. at 574. As a result, the minor defect of omitting part of Fidelity's name in the citation did
not invalidate service. Id. In this case, however, the record does not show that Thomas
received the petition signed for by C.A. Miller. Accordingly, the trial court erred in granting
the default judgment. We sustain issue one.

 A defendant who has not been served with process is entitled to a new trial without
showing it met the Craddock requirements. Mobilevision Imaging Servs., L.L.C. v. Lifecare
Hosps. of N. Tex., L.P., 260 S.W.3d 561, 564 (Tex. App.--Dallas 2008, no pet.)
(distinguishing Craddock v. Sunshine Bus Lines, Inc., 134 Tex. 388, 133 S.W.2d 124 
(1939)). Accordingly, we need not address issue two. We reverse the judgment and return
the case to the trial court for further proceedings. See Tex. R. Civ. P. 123.

 REVERSED AND REMANDED.



 _____________________________

 STEVE McKEITHEN

 Chief Justice


Submitted on July 9, 2009

Opinion Delivered July 30, 2009

Before McKeithen, C.J., Kreger and Horton, JJ.