# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00002-CV

**Watts Water Technologies, Inc., Appellant**

**v.**

**Farmers Insurance Exchange, Appellee**

### FROM COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. C-1-CV-05-000260, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellee Farmers Insurance Exchange obtained a no-answer default judgment against appellant Watts Water Technologies, Inc. The county court at law's personal jurisdiction against Watts was based on service on the Texas Secretary of State. Watts asserts that the record does not affirmatively show compliance with the applicable statute governing service. We agree. We reverse the judgment of the county court at law and remand for further proceedings.

On September 15, 2005, Farmers filed suit in county court at law against Watts, a foreign corporation. Farmers alleges that Watts is liable, based on theories of negligence and implied warranty, for damages caused to the dwelling of Charles Harlan, Farmers's insured and subrogor, by the failure of a dishwasher water hose. After its initial attempt to serve Watts failed, Farmers amended its petition on November 4, 2005, to provide for service of Watts via

the Texas Secretary of State. The secretary of state forwarded a copy of the citation and petition to Watts's mailing address in Massachusetts.

Watts did not appear or answer in the lawsuit. On September 24, 2008, the county court at law entered default judgment in favor of Farmers and awarded damages against Watts in the amount of $10,979.32 plus interest. On January 2, 2009, Watts filed a notice of restricted appeal. *See* Tex. R. App. P. 26.1(c), 30.

To prevail on a restricted appeal, Watts must establish that (1) its filing was within six months after the judgment was signed, (2) it was a party to the underlying suit, (3) it did not participate in the hearing that resulted in the default judgment or timely file any post-judgment motions or requests for findings of fact and conclusions of law, and (4) error is apparent on the face of the record. *See Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). Only the fourth element is at issue here.

For a trial court to acquire jurisdiction necessary to support a default judgment upon substituted service, the pleadings must allege all facts necessary to support the statutory method of service invoked. *See Capitol Brick, Inc. v. Fleming Mfg. Co.*, 722 S.W.2d 399, 401 (Tex. 1986); *Redwood Group, L.L.C. v. Louiseau*, 113 S.W.3d 866, 868 (Tex. App.—Austin 2003, no pet.). The relevant portion of Farmers's pleadings states as follows:

> WATTS is a foreign corporation and may be served with citation by serving the Texas Secretary of State via the long arm statute for sending to the defendant for service at its home/home address at 815 Chestnut St., North Andover, MA 01845-6098.

2

Section 17.044 of the Texas Civil Practice and Remedies Code governs the substituted service on the secretary of state in this case. *See* Tex. Civ. Prac. & Rem. Code Ann. § 17.044 (West 2008). Subsection (a)(1) of the statute provides for service via the secretary of state if Watts "is required by statute to designate or maintain a resident agent or engages in business in this state, but has not designated or maintained a resident agent for service of process." *Id.* § 17.044(a)(1). However, Farmers has not alleged in its pleadings that Watts has not designated or maintained a resident agent for service of process. Therefore, Farmers's pleadings are not sufficient to support the default judgment based on section 17.044(a)(1). *See MobileVision Imaging Servs., L.L.C. v. LifeCare Hosps. of N. Tex., L.P.*, 260 S.W.3d 561, 565-67 (Tex. App.—Dallas 2008, no pet.); *Lozano v. Hayes Wheels Int'l, Inc.*, 933 S.W.2d 245, 248 (Tex. App.—Corpus Christi 1996, no writ). Alternatively, subsection (b) of section 17.044 may provide for service on Watts via the secretary of state in this case if Watts "engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process." Tex. Civ. Prac. & Rem. Code Ann. § 17.044(b). However, Farmers has not alleged in its pleadings that Watts does not maintain a regular place of business or a designated agent for service of process in Texas. Therefore, Farmers's pleadings are also insufficient to support the default judgment based on section 17.044(b). *See MobileVision Imaging Servs.*, 260 S.W.3d at 565-67; *Onnela v. Medina*, 785 S.W.2d 423, 425 (Tex. App.—Corpus Christi 1990, no writ).

Farmers contends that a letter in the record from Farmers's counsel to the judge contains allegations sufficient to show that Watts could be properly served in accordance with the long arm statute by serving the secretary of state. Even if Farmers is correct regarding the contents

of the letter, however, such evidence cannot support service pursuant to section 17.044 of the long arm statute and a default judgment based on that service because the applicable facts supporting service under the long arm statute must be alleged in the pleadings themselves. *See Capitol Brick*, 722 S.W.2d at 401; *Copystatics, Inc. v. Bourn*, 694 S.W.2d 613, 614-15 (Tex. App.—Texarkana 1985, writ ref'd n.r.e.); *Gourmet, Inc. v. Hurley*, 552 S.W.2d 509, 511-13 (Tex. Civ. App.—Dallas 1977, no writ).

Farmers's pleadings fail to allege the required elements of the applicable long arm statute. Therefore, based on the face of the record, we conclude that the county court at law did not acquire personal jurisdiction over Watts for the purpose of entering the default judgment at issue.[1] We reverse the judgment of the county court at law and remand for further proceedings.

_____

G. Alan Waldrop, Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Reversed and Remanded

Filed: May 14, 2010

_____

[1] Having concluded that Farmers failed to plead facts sufficient to invoke the provisions of the long arm statute, we need not address Watts's additional argument that the unliquidated damages awarded are not supported by legally or factually sufficient evidence.

4