AFFIRM; Opinion issued November 13, 2012



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-11-00520-CV

## NICHOLAS SMITH, Appellant

## V.

## TOWN NORTH BANK, Appellee

On Appeal from the 298th Judicial District Court
Dallas County, Texas
Trial Court Cause No. 09-14445-M

# MEMORANDUM OPINION

Before Justices Morris, Francis, and Murphy
Opinion By Justice Morris

In this appeal, Nicholas Smith challenges the trial court's summary judgment in favor of

Town North Bank. Smith brings three issues contending the trial court erred in concluding that he

waived his right to a fair market value offset under section 51.003 of the Texas Property Code.

Because we conclude Smith's arguments are without merit, we affirm the trial court's judgment.

I.

The facts in this case are undisputed. In February 2007, S & K Construction, Inc. entered into

a loan agreement with Town North Bank. Nicholas Smith, as majority owner and president of S &

K, signed the promissory note on S & K's behalf. The loan related to interim construction financing

for a house located on Dove Road in Tarrant County and was secured by a deed of trust on the realty.

In addition to the note and deed of trust, Smith executed a personal guaranty of payment for the Dove Road note.

During construction of the house on Dove Road, Smith entered into an agreement with Thang Nguyen to develop three lots in a subdivision in Denton County known as the Bluffs. Town North again provided the financing and received three promissory notes secured by the realty. The notes named S & K as the borrower and were signed "S and K Construction, Inc., By: Nicholas Smith [signature], By: Thang Nguyen [signature]." Both Smith and Nguyen also signed personal guaranties.

Unlike the Dove Road note guaranty, the guaranties signed as part of the Bluffs subdivision loan financing stated that they were not specific "to any particular loan or item." Instead, the guaranties stated that they were "continuing" guaranties under which Smith and Nguyen agreed to "guarantee the full and punctual payment, performance, and satisfaction of the indebtedness of borrower to lender, now existing or hereafter arising or acquired, on an open and continuing basis." The continuing guaranties also contained waivers not found in the Dove Road note guaranty. The continuing guaranties stated that Smith and Nguyen agreed to waive

> any and all rights or defenses based on suretyship or impairment of collateral including, but not limited to, any rights or defenses arising by reason of (A) any "one action" or "anti-deficiency" law or any other law which may prevent [Town North] from bringing any action, including a claim for deficiency, against Guarantor, before or after [Town North's] commencement or completion of any foreclosure action, either judicially or by exercise of a power of sale; . . . or (F) any defenses given to guarantors at law or in equity other than actual payment and performance of the indebtedness.

Smith and Nguyen further

> waive[d] and agree[d] not to assert or claim at any time any deductions to the amount guaranteed under this Guaranty for any claim of setoff, counterclaim, counter demand, recoupment or similar right, whether such claim, demand or right may be asserted by [S &

K], [Smith and Nguyen], or both.

S & K later defaulted on the Dove Road note and one of the Bluffs subdivision notes. Town North foreclosed on the properties but the proceeds from the foreclosures were insufficient to cover the debt. On October 23, 2009, Town North filed this suit against Smith and Nguyen as guarantors to recover the deficiency amount. The trial court severed Town North's claims against Nguyen and this cause proceeded against Smith as the sole defendant.

Smith filed a general denial and a motion to determine the fair market value of the foreclosed properties under section 51.003 of the Texas Property Code. Under section 51.003,

> [a]ny person against whom [a deficiency] recovery is sought by motion may request that the court in which the action is pending determine the fair market value of the real property as of the date of the foreclosure sale. . . . If the court determines that the fair market value is greater than the sale price of the real property at the foreclosure sale, the persons against whom recovery of the deficiency is sought are entitled to an offset against the deficiency in the amount by which the fair market value . . . exceeds the sale price.

TEX. PROP. CODE ANN. § 51.003 (West 2007). Pursuant to section 51.003, Smith requested the trial court to determine the amount of the alleged deficiency on the basis of the fair market value of the properties rather than the sale prices paid at the foreclosures.

In response to the motion, Town North moved for summary judgment arguing that the continuing guaranty signed by Smith included a waiver of his right to claim any deductions or offsets from the amount guaranteed including any right to seek a reduction in the deficiency under section 51.003. Smith responded that the waiver language in the guaranty did not waive his rights under section 51.003 and the continuing guaranty made the basis of the suit was only applicable to the Bluffs subdivision note. The trial court granted Town North's motion for summary judgment and denied Smith's request for a fair market valuation of the properties under section 51.003.

Town North then moved for a final summary judgment on its deficiency claim. The trial

court granted the motion and ordered that Town North recover $474,251 as the total deficiency amount along with post-judgment interest and costs of court. Smith now brings this appeal challenging the summary judgment in favor of Town North on the issue of his request for a fair market valuation under section 51.003.

II.

Smith raises three issues contending the trial court erred in concluding that he waived his rights under section 51.003 of the Texas Property Code. We begin by addressing Smith's third issue in which he contends the rights afforded by section 51.003 are not subject to waiver.

Smith contends that public policy considerations and the principle that remedial statutes should be construed liberally compels the conclusion that the rights and protections provided by section 51.003 cannot be waived. We have recently addressed these same arguments in *Interstate 35/Chisam Road, L.P. v. Moayedi*, No. 05-11-00209-CV, 2012 WL 3125148 (Tex. App.—Dallas Aug. 2, 2012, no pet. h.). After reviewing section 51.003's legislative history, public policy considerations, and the opinions of other Texas courts, we concluded that the rights provided by section 51.003 are subject to waiver. *See id.* at *8; *see also King v. Park Cities Bank*, No. 05-11-00593-CV, 2012 WL 3144881, at *3 (Tex. App.—Dallas Aug. 3, 2012, no pet. h.). Based on our holding in *Moayedi*, we resolve Smith's third issue against him. *See MobileVision Imaging Servs. v. LifeCare Hosps. of North Texas, L.P.*, 260 S.W.3d 561, 566 (Tex. App.—Dallas 2008, no pet.) (earlier decision of this Court binding absent intervening change in law by legislature, higher court, or this Court sitting en banc).

In his first issue, Smith argues that the language in the continuing guaranty was not sufficiently specific to constitute an effective waiver of his rights under section 51.003. Smith stresses that the guaranty's waiver of any claim of "setoff" should not be extended to include a waiver of the right of

"offset" provided by the statute. Again, however, this Court has addressed these arguments in earlier opinions and found them to be without merit. In *King v. Park Cities Bank*, we held that the identical waiver language at issue in this case was sufficient to waive the guarantor's right of offset under section 51.003 as a matter of law. *See King*, 2012 WL 3144881 at *3. We noted that the language in the guaranty waiving "any defenses given to guarantors at law or in equity other than actual payment and performance of the indebtedness" encompassed a waiver of section 51.003's right of offset despite the guaranty's later reference to a "claim of setoff." *Id.* The waiver language in the continuing guaranty was sufficient to apprise Smith of the rights he was relinquishing and specifically conveyed the intent that Smith's responsibilities as guarantor would not be subject to any defense other than payment. *See Moayedi*, 2012 WL 3125148 at *7 (section 51.003 offset provision constitutes a defense); *see also Toor v. PNC Bank, Nat'l Ass'n*, 05-11-00012-CV, 2012 WL 3637284, at *3 (Tex. App.—Dallas Aug. 24, 2012, no pet. h.). We resolve Smith's first issue against him.

Finally, in his second issue, Smith contends that the trial court erred in granting summary judgment because the evidence does not conclusively show that the continuing guaranty applies to the Dove Road note. Smith argues that the execution of the Bluffs subdivision note by Nguyen renders the guaranty's definition of the indebtedness covered ambiguous. We disagree.

The continuing guaranty defines the indebtedness for which Smith may be held liable as "all of the principal amount outstanding from time to time and at any one or more times . . . that Borrower individually or collectively or interchangeably with others, owes or will owe Lender." Smith contends that because Nguyen signed the Bluffs subdivision note, he could be construed as a joint borrower on that note. According to Smith, Nguyen's status as a joint borrower means that he must be included in the continuing guaranty's use of the term "Borrower" and it is reasonable to conclude that the continuing guaranty was meant to cover only the joint indebtedness of S & K and Nguyen rather than

debts owed solely by S & K, such as the Dove Road note. If the continuing guaranty does not cover the Dove Road note, then the waivers in the continuing guaranty are not effective with respect to Smith's liability as a guarantor of that note. Smith's contention that Nguyen can be viewed as a borrower has no support, however, either in the note or the continuing guaranty.

Both the Bluffs subdivision note and the continuing guaranty name S & K as the sole borrower. Smith relies entirely on the fact that Nguyen signed the Bluffs subdivision note as evidence that he may be held liable as a borrower. But the signature block on the note again names S & K as the sole borrower and both Smith's and Nguyen's signatures are preceded by the preposition "by." The use of the term "by" indicates unambiguously that Smith and Nguyen were signing only as representatives or as purported representatives of S & K. *See* TEX. BUS. & COM. CODE ANN. § 3.402 cmt. 2 (West 2002) (use of term "by" unambiguously shows that signature is made on behalf of identified represented person). Nothing in the note or the guaranty can be construed as indicating there is any borrower other than S & K or any indebtedness other than that which is owed by S & K alone. Because the guaranty unambiguously applies to the indebtedness of S & K, which includes both the Bluffs subdivision note and the Dove Road note, we resolve Smith's second issue against him.

Based on the foregoing, we conclude that the trial court correctly granted Town North's motion for summary judgment on the issue of Smith's waiver of any right of setoff under section 51.003 of the Texas Property Code. We affirm the trial court's judgment.

JOSEPH B. MORRIS
JUSTICE

110520F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

NICHOLAS SMITH, Appellant

No. 05-11-00520-CV      V.

TOWN NORTH BANK, Appellee

Appeal from the 298th Judicial District Court of Dallas County, Texas. (Tr.Ct.No. 09-14445-M).
Opinion delivered by Justice Morris, Justices Francis and Murphy participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**. It is **ORDERED** that appellee Town North Bank recover its costs of this appeal from appellant Nicholas Smith.

Judgment entered November 13, 2012.


JOSEPH B. MORRIS
JUSTICE