**Reverse and Render in part and Remand in part; Opinion Filed August 13, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-11-00912-CV**

**COMPASS BANK, Appellant**
**V.**
**MANCHESTER PLATINUM MANAGEMENT, INC.,**
**TODD ALLAN DEVEILLENEUVE, AND ALLAN R. DEVEILLENEUVE, Appellees**

**On Appeal from the 191st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC10-1478-J**

## MEMORANDUM OPINION

Before Justices FitzGerald, Fillmore, and Evans
Opinion by Justice Evans

This is an appeal from a summary judgment in a deficiency action. Compass Bank brings two issues contending the trial court erred in denying its motion for summary judgment and granting appellees' motion for summary judgment because appellees waived their right to a fair market value offset against the deficiency owed. Because we conclude that appellees contractually waived their right to an offset, we reverse the trial court's judgment and render judgment in part for Compass.

## BACKGROUND

The relevant facts of this case are undisputed. On August 7, 2007, Manchester Platinum Management, Inc. executed and delivered a promissory note to Compass promising to pay the principal amount of $873,700 along with interest due. The note was secured by a deed of trust

on real property. Among other provisions, the deed of trust stated that "Borrower waives the benefit of any statute regulating the obtaining of a deficiency judgment or requiring that the value of the Property be set off against any part of the indebtedness secured hereby." The note was further secured by continuing guaranties signed by Todd Allan deVeilleneuve and Allan R. deVeilleneuve. Both guaranties included the following language:

> The obligations of the Guarantor hereunder are independent of the obligations of the Borrower, and a separate action or actions may be brought and prosecuted against Guarantor whether action is brought against Borrower or whether Borrower be joined in any such action or actions; and Guarantor waives, to the fullest extent permitted by applicable law, the benefit of any statute of limitations or other defenses affecting its liability hereunder or the enforcement thereof.

Manchester eventually defaulted on the note. Pursuant to the deed of trust, Compass sold the real property securing the note at a nonjudicial foreclosure sale on July 6, 2010, for $538,650 resulting in a deficiency of $392,892. Compass sued appellees seeking to recover the deficiency plus costs, interest, and attorney's fees.

Appellees filed a motion in the trial court requesting a determination of the property's fair market value, along with a counterclaim under section 51.003 of the Texas Property Code seeking an offset against the deficiency in the amount that the property's fair market value exceeded the amount paid for the property at foreclosure. *See* TEX. PROP. CODE ANN. § 51.003 (West 2007).[1] Appellees then filed a motion for summary judgment asserting that the fair market value of the foreclosed property was $855,000 and requesting an offset against the deficiency in the amount of $316,350.

---

[1] Section 51.003(c) states:

> If the court determines that the fair market value is greater than the sale price of the real property at the foreclosure sale, the persons against whom recovery of the deficiency is sought are entitled to an offset against the deficiency in the amount by which the fair market value, less the amount of any claim, indebtedness, or obligation of any kind that is secured by a lien or encumbrance on the real property that was not extinguished by the foreclosure, exceeds the sale price.

TEX. PROP. CODE ANN. § 51.003(c).

Compass filed its own motion for summary judgment arguing that appellees had waived their right to an offset by virtue of the waiver language in the deed of trust and the guaranties. Following a hearing, the trial court granted appellees' motion for summary judgment and denied the motion filed by Compass. The court then signed a final judgment applying the offset to the amount owed by appellees and awarding Compass the sum of $18,700 plus prejudgment interest. It is from this final judgment that Compass appeals.

## ANALYSIS

### I. Standard of Review

The standard for reviewing a traditional summary judgment is well established. *See Sysco Food Servs. v. Trapnell*, 890 S.W.2d 796, 800 (Tex. 1994). We review a summary judgment de novo to determine whether a party has established its right to prevail as a matter of law. *See First Union Nat'l Bank v. Richmont Capital Partners I, L.P.*, 168 S.W.3d 917, 923 (Tex. App.—Dallas 2005, no pet.). When, as here, both parties move for summary judgment, each party bears the burden of establishing its entitlement to judgment as a matter of law. *See Hackberry Creek Country Club, Inc. v. Hackberry Creek Home Owners Ass'n*, 205 S.W.3d 46, 50 (Tex. App.—Dallas 2006, pet. denied). If the trial court grants one motion for summary judgment and denies the other, we review the summary judgment evidence presented by both sides, determine all questions presented, and render the judgment the trial court should have rendered. *See Tex. Workers' Comp. Comm'n v. Patient Advocates of Tex.*, 136 S.W.3d 643, 648 (Tex. 2004).

### II. Waiver Under the Guaranty Agreements

We first address Compass's argument that the trial court erred in denying its motion for summary judgment, and granting summary judgment in favor of the guarantors because the guarantors waived their right to a fair market value offset against the deficiency in the guaranty

agreements. We construe guaranty agreements as any other contract. *See Interstate 35/Chisam Road, L.P. v. Moayedi*, 377 S.W.3d 791, 796 (Tex. App.—Dallas 2012, pet. filed). We favor an interpretation that harmonizes and gives effect to all the provisions of the contract so that none is rendered meaningless and no single provision taken alone will be given controlling effect. *Id.* at 797. Unless the agreement shows the parties used a term in a technical or different sense, the terms are given their plain, ordinary, and generally accepted meaning. *See Heritage Res., Inc. v. NationsBank*, 939 S.W.2d 118, 121 (Tex. 1996).

The language in the guaranty agreements provides in pertinent part that the "Guarantor waives, to the fullest extent permitted by applicable law, the benefit of any statute of limitations or other defenses affecting its liability hereunder or the enforcement thereof." Appellees do not contend that their right to an offset under section 51.003 was not subject to waiver. Appellees argue only that the waiver language in the guaranties was not specific enough to waive their rights under section 51.003. We disagree.

In *Moayedi*, this Court held that language in a guaranty waiving "any defense" was sufficient to waive a guarantor's right to an offset under section 51.003. *See Moayedi*, 377 S.W.3d at 800. We reasoned that the term "any" was synonymous with the terms "each" and "every" and, therefore, the general waiver language encompassed all possible defenses that might exist including the right to offset. *Id.* In this case, the guarantors contractually agreed to waive "the benefit of *any* statute of limitations or other defenses affecting [their] liability" under the guaranty. Based on our holding in *Moayedi*, we conclude this language was sufficient to waive the guarantors' right to an offset against the deficiency. *See Smith v. Town N. Bank*, No. 05-11-00520-CV, 2012 WL 5499406, at *3 (Tex. App.—Dallas Aug. 3, 2012, pet. denied) (mem. op.) (following *Moayedi* as binding); *see also MobileVision Imaging Servs. v. LifeCare Hosps. of N. Tex., L.P.*, 260 S.W.3d 561, 566 (Tex. App.—Dallas 2008, no pet.) (stating earlier

–4–

decision of this Court binding absent intervening change in law by legislature, higher court, or this Court sitting en banc).

Appellees contend the language of the guaranty does not apply in this case because the guarantors asserted their right to an offset as a counterclaim and not as a defense. This is a distinction without a difference. The fact that appellees postured their request for an offset as a counterclaim does not change the fundamental nature of the request as an affirmative defense. *See Martin v. PlainsCapital Bank*, No. 05-10-00235-CV, 2013 WL 1313770, at *6 (Tex. App.—Dallas Mar. 28, 2013, pet. filed) ("Section 51.003 is an affirmative defense because the borrower is seeking an offset."); *Branch Banking & Trust Co. v. TCI Luna Ventures, LLC*, No. 05-12-00653-CV, 2013 WL 1456651, at *5 (Tex. App.—Dallas Apr. 9, 2013, no. pet.) (op. on reh'g) (section 51.003(b) "provides that requesting a court to determine fair market value is a defense for reducing liability for a deficiency judgment"). The offset would not give appellees a recovery, but rather would allow them to negate a portion of Compass's claim for deficiency. *See Moayedi*, 377 S.W.3d at 799. The language of the guaranty agreements applies and, pursuant to that language, the guarantors waived their right to an offset under section 51.003 as a matter of law. Accordingly, we reverse the trial court's judgment in favor of Todd Allan deVeilleneuve and Allan R. deVeilleneuve and render judgment for Compass on the guaranty agreements against Todd Allan deVeilleneuve and Allan R. deVeilleneuve in the principal amount of $392,892.

### III. Waiver Under the Deed of Trust

We next address whether Manchester waived its right to an offset pursuant to the waiver language in the deed of trust. The deed of trust states that "Borrower waives the benefit of any statute regulating the obtaining of a deficiency judgment or requiring that the value of the Property be set off against any part of the indebtedness secured hereby." This language is more

specific than that found in the guaranty agreements and clearly encompasses a waiver of the right to offset under section 51.003.

Appellees contend the cases holding that the right to an offset may be waived do not apply to Manchester as the maker of the note because the opinions address only waiver by a guarantor. While the cases addressing the ability to waive the right to an offset have done so in the context of a guaranty, appellees make no argument that, and we can see no reason why, the reasoning of the opinions is not equally applicable to the maker of a note. Section 51.003 was designed to protect both borrowers and guarantors in a deficiency suit. *Id.* at 797. As we noted in *Moayedi*, the Texas Legislature specifically chose not to make the offset right non-waivable and such a waiver does not offend fundamental Texas policy. *Id.* at 797–98. Nothing in the language of section 51.003 would compel us to distinguish between a maker of a note and a guarantor for the purposes of waiver. Because the right to an offset may be waived and the waiver language in the deed of trust clearly encompassed this right, we conclude Manchester waived its right to an offset against the deficiency as a matter of law. The trial court erred in denying Compass's motion for summary judgment as to the deed of trust and in granting summary judgment in favor of Manchester. Accordingly, we reverse the trial court's judgment in favor of Manchester and render judgment for Compass against Manchester on the note in the principal amount of $392,892.

## IV. Attorney's Fees

In addition to the deficiency, Compass sought to recover attorney's fees. The final judgment of the trial court did not award attorney's fees to Compass. The summary judgment evidence reflects that both the note and the guaranties require the payment of reasonable costs and attorney's fees incurred in collecting on the note and enforcing the deed of trust. Because we conclude the trial court erred in denying Compass's motion for summary judgment and in

granting summary judgment in favor of appellees, we also conclude the issue of attorney's fees must be remanded to the trial court for reconsideration in light of this opinion.

## CONCLUSION

Based on the foregoing, we reverse the trial court's judgment in favor of Manchester Platinum Management, Inc., Todd Allan deVeilleneuve, and Allan R. deVeilleneuve and denying summary judgment in favor of Compass Bank; we render judgment for Compass Bank on the note and guaranty agreements against Manchester Platinum Management, Inc., Todd Allan deVeilleneuve, and Allan R. deVeilleneuve, jointly and severally, in the principal amount of $392,892; and we remand the case to the trial court for further proceedings consistent with this opinion including the calculation of interest after July 6, 2010.


FitzGerald, J. dissenting
110912F.P05

/David Evans/
DAVID EVANS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

COMPASS BANK, Appellant

No. 05-11-00912-CV     V.

MANCHESTER PLATINUM
MANAGEMENT, INC., TODD ALLAN
DEVEILLENEUVE, AND ALLAN R.
DEVEILLENEUVE, Appellees

On Appeal from the 191st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC10-1478-J.
Opinion delivered by Justice Evans,
Justices FitzGerald and Fillmore
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and judgment is **RENDERED** that COMPASS BANK recover the principal amount of $392,892 from MANCHESTER PLATINUM MANAGEMENT, INC., TODD ALLAN DEVEILLENEUVE, and ALLAN R. DEVEILLENEUVE, jointly and severally. In all other respects, the case is **REMANDED** to the trial court for further proceedings consistent with this Court's opinion.

It is **ORDERED** that appellant COMPASS BANK recover its costs of this appeal from appellees MANCHESTER PLATINUM MANAGEMENT, INC., TODD ALLAN DEVEILLENEUVE, AND ALLAN R. DEVEILLENEUVE.

Judgment entered this 13th day of August, 2013.

/David Evans/
_____
DAVID EVANS
JUSTICE