**CONCUR AND DISSENT and Opinion Filed May 22, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-18-00654-CV
_____

**JEFFREY ERDNER, D.O. AND THE EMERGENCY CENTER AT WEST 7TH, LLC,**
**Appellants**
**V.**
**HIGHLAND PARK EMERGENCY CENTER, LLC, Appellee**

**On Appeal from the 191st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-01059**

## CONCURRING AND DISSENTING OPINION

Before Justices Whitehill, Molberg, and Reichek
Concurring and Dissenting Opinion by Justice Whitehill

The majority affirms the trial court's order denying appellants' TCPA dismissal motion because Erdner's communications (i) were not public as this Court requires for the communications to qualify as an exercise of the right of association and (ii) do not relate to a matter of public concern, such as health, community well-being, or a service in the marketplace, as the statute requires for the communications to qualify as an exercise of the right of free speech.

I concur in the first holding because our precedents compel it, but those controlling precedents were wrongly decided.

I disagree with the second holding because Erdner's communications at least tangentially related to health and community well-being and thus qualify as an exercise of the right of free speech.

## I. RIGHT OF ASSOCIATION

Under the TCPA, the phrase "exercise of the right of association" means "a communication between individuals who join together to collectively express, promote, pursue, or defend common interests." TEX. CIV. PRAC. & REM. CODE § 27.001(2). That's it. The statute says nothing about the relevant communication needing to be public.

In *ExxonMobil Pipeline Co. v. Coleman*, we added an element to the statutory definition. 464 S.W.3d 841 (Tex. App.—Dallas 2015), *rev'd on other grounds*, 512 S.W.3d 895 (Tex. 2017) (per curiam). Specifically, we held that a communication otherwise fitting the plain statutory text still isn't an exercise of the association right unless the communication also involves "public or citizen's participation." *Id*. at 848.

Although the Texas Supreme Court reversed our judgment, it did so on free speech grounds and did not address our right of association holding. 512 S.W.3d at 902. Thus, our right of association holding in *Coleman* remains the law in this district. *See Dyer v. Medoc Health Servs., LLC*, No. 05-18-00472-CV, 2019 WL 1090733, at *5–6 (Tex. App.—Dallas Mar. 8, 2019, pet. filed).

We erred in *Coleman* by adding an element to the statutory definition of exercise of the right of association. We lack constitutional authority to amend statutes and erred by doing so, no matter how much we disagree with what the legislature did.

As the supreme court said when it corrected our similar error construing the TCPA's free speech prong, "[a] court may not judicially amend a statute by adding words that are not contained in the language of the statute." *Coleman*, 512 S.W.3d at 900 (internal quotations omitted). But

we cannot correct our error unless and until we revisit the issue en banc or a higher authority changes the law. *MobileVision Imaging Servs., L.L.C. v. LifeCare Hosps. of N. Tex., L.P.*, 260 S.W.3d 561, 566 (Tex. App.—Dallas 2008, no pet.). Accordingly, I concur in the majority's holding regarding the right of association.

## II. RIGHT OF FREE SPEECH

### A. Did Erdner pass the TCPA's first step test?

Are communications about opening a new emergency room at least tangentially related to health or community well-being? Yes, emergency room services facially concern health and community well-being.

#### 1. "Related to" = Tangentially Related to = Very Broad

A communication is an exercise of the right of free speech if it is made "in connection with a matter of public concern." CIV. PRAC. § 27.001(3). The statute defines "matter of public concern" as "includ[ing] an issue related to . . . health or safety [or] community well-being [or] a good, product, or service in the marketplace." *Id.* § 27.001(7)(A), (B), (E). Because Erdner's communications relate to health or community well-being, there is no need to consider whether they also relate to a service in the marketplace.

The supreme court's *Coleman* opinion instructs that a communication need not specifically mention the public concern to qualify as an exercise of free speech, nor does the communication have to bear more than a tangential relationship to a matter of public concern to qualify. 512 S.W.3d at 900. That is, a tangential relationship to a matter of public concern is enough to satisfy the statute.

Dictionaries confirm that tangential is a common word that conjures wispiness:

- "touching lightly or in the most tenuous way: incidental," WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (1981);

- "hardly touching a matter; peripheral," THE NEW OXFORD AMERICAN DICTIONARY (2001);

–3–

- "merely touching; slightly connected," http://www.dictionary.com (last visited May 3, 2019).

The supreme court's broad interpretation of the "relates to" test in *Coleman* was not a bolt from the blue. Courts have repeatedly recognized in many contexts that "relates to" is a very broad term. *See, e.g., O'Banion v. Inland W. Clear Lake Gulf Shores GP, LLC*, No. 01-15-00704-CV, 2017 WL 5494695, at *10 (Tex. App.—Houston [1st Dist.] Nov. 16, 2017, no pet.) (mem. op.) (construing a court decree); *AdvoCare GP, LLC v. Heath*, No. 05-16-00409-CV, 2017 WL 56402, at *4 (Tex. App.—Dallas Jan. 5, 2017, no pet.) (mem. op.) (construing an arbitration clause); *RSR Corp. v. Siegmund*, 309 S.W.3d 686, 701 (Tex. App.—Dallas 2010, no pet.) (construing a consent-to-jurisdiction clause); *In re Wilmer Cutler Pickering Hale & Dorr LLP*, No. 05-08-01395-CV, 2008 WL 5413097, at *4 (Tex. App.—Dallas Dec. 31, 2008, orig. proceeding [mand. denied]) (mem. op.) (same).

### 2. Applying the "Related to" Test

Erdner is a D.O. He was an HPEC member and manager, and he served as its CFO. Although we don't know exactly what he told the Arizona investors, the parties do not dispute that the communications occurred and encompassed at least the building of a new Fort Worth freestanding emergency room. Did those communications at least tangentially relate to health or community well-being? Yes.

Erdner's alleged communications concerned building an emergency room in a particular location. A new emergency room would affect access to medical treatment for everyone in the surrounding area, both residents and transients. Its business could also affect nearby businesses and the quality of life of nearby residents. These are matters affecting health and community well-being. Thus, Erdner's alleged communications have the necessary tangential relationship to these two matters of public concern.

The majority opinion errs by positing that the alleged communications do not relate to existing health care services or current community well-being. This is an unduly narrow interpretation of a statute that the supreme court consistently applies broadly. The locale in which the emergency room was projected to be built had certain existing qualities affecting the health and community well-being of the surrounding area. Proposing to add a new emergency room has immediate implications for nearby citizens' health and community well-being. This is enough to satisfy the "relates to" nexus as the supreme court instructs us to apply it.

For example, suppose local residents discuss proposals for building a nuclear plant in their neighborhood, and in their discussions they emphatically express concern about the facility's possible impact on their health and safety or the community's general well-being. Then the would-be plant owners sue the residents for defamatory statements the residents made about them during the residents' emphatic expressions. Even though the discussions concern a future nuclear power plant, they exemplify the core concerns that prompted the legislature to adopt the TCPA—citizens' ability to speak freely about legislatively defined matters of public concern. However, because the nuclear plant has not yet been built, the majority opinion would block these concerned citizens' ability to protect themselves from powerful forces seeking to squelch their opposition through oppressive litigation.

Likewise, discussions about starting a new emergency room are at least tangentially related to the current and future health of people in the area and to the surrounding community's well-being. Thus, those communications are exercises of his TCPA defined free speech rights, and Erdner carried his step one TCPA applicability burden.

**B.**     **What about the TCPA's step two test?**

Did HPEC satisfy the TCPA's second step prima facie case test, which may require nothing more than that HPEC complied with its already existing good faith pleading requirements? *See*

CIV. PRAC. § 10.001. Because pleadings are evidence for TCPA purposes, *see Breakaway Practice, LLC v. Lowther*, No. 05-18-00229-CV, 2018 WL 6695544, at *2 (Tex. App.—Dallas Dec. 20, 2018, pet. filed) (mem. op.), § 10.001 compliance may be all the TCPA requires of a nonmovant to meet its step two prima facie case burden. But because the majority opinion does not reach whether HPEC met its step two burden, neither do I.

### III. CONCLUSION

Accordingly I concur in part, dissent in part, and dissent from the judgment affirming the trial court's order.

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

180654DF.P05