**REVERSE and REMAND; and Opinion Filed December 5, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01149-CV

**THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK,
AS SUCCESSOR TRUSTEE TO JPMORGAN CHASE BANK, N.A.
AS TRUSTEE FOR THE HOLDERS OF THE MLMI SURF TRUST,
MORTGAGE LOAN-ASSET BACKED CERTIFICATES, SERIES 2005-BC, Appellant
V.
REDBUD 115 LAND TRUST, Appellee**

**On Appeal from the 422nd Judicial District Court
Kaufman County, Texas
Trial Court Cause No. 88084-422**

## OPINION

Before Justices O'Neill, Lang-Miers, and Brown
Opinion by Justice Lang-Miers

The trial court rendered a no-answer default judgment against The Bank of New York Mellon in favor of Redbud 115 Land Trust. The Bank brings this restricted appeal contending there is error apparent on the face of the record because it does not show that the Trust properly served the Bank. We agree, reverse the default judgment, and remand to the trial court for further proceedings.

### BACKGROUND

The Trust acquired property in Kaufman County that was subject to a deed of trust purportedly in favor of the Bank. The Trust contacted the Bank about curing any default under the note secured by the deed of trust, but the Bank did not respond. The Trust filed a lawsuit

against the Bank seeking, among other things, to exercise its equitable right of redemption or to quiet title in the Trust. The Trust alleged that the Bank was a "foreign financial institution," the Bank's registered agent was in New York, and service on the Bank was proper through the secretary of state and the long-arm statute. The Trust served the secretary of state, and the secretary of state executed a certificate stating that it received the citation and petition and forwarded a copy by certified mail return receipt requested to the Bank's registered agent in New York. The Bank did not file an answer in the lawsuit, and the Trust moved for entry of a default judgment. After a hearing, the trial court rendered a default judgment in favor of the Trust on all its claims. The Bank filed this restricted appeal arguing there is error apparent on the face of the record and the trial court reversibly erred by declaring the deed of trust void and quieting title in the Trust.

### STANDARD OF REVIEW

A restricted appeal must be brought within six months after the judgment is signed. TEX. R. APP. P. 26.1(c). The appellant must show it was a party to the suit, did not participate in the actual trial resulting in the judgment complained of, did not timely file any post-judgment motions, and did not request findings of fact and conclusions of law. TEX. R. APP. P. 30. The appellant also must show that the error complained of is apparent on the face of the record. *Ins. Co. of State of Pa. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009) (per curiam). It is undisputed that the Bank is a party to the lawsuit, did not participate in the trial, and did not file any post-judgment motions or request findings of fact and conclusions of law. The only question is whether there is error apparent on the face of the record, specifically, whether the record shows that the Trust strictly complied with the rules regarding service of process.

In a restricted appeal, we do not engage in presumptions in favor of valid issuance, service, and return of citation. *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994)

–2–

(per curiam). Instead, the plaintiff must prove that each element of service was proper. *Id.* And actual notice without proper service is the same as no service. *Fid. & Guar. Ins. Co. v. Drewery Constr. Co., Inc.*, 186 S.W.3d 571, 574 n.1 (Tex. 2006). When a plaintiff relies on service through the secretary of state, the record must show that (1) the defendant was amenable to service through the secretary of state, and (2) the defendant was served in the manner required by the statute. *MobileVision Imaging Servs., LLC v. LifeCare Hosps. of N. Tex., LP*, 260 S.W.3d 561, 564 (Tex. App.—Dallas 2008, no pet.). If the record does not show that the plaintiff strictly complied with the applicable statute, we must reverse the default judgment. *See id.* at 567.

### DISCUSSION

The Trust alleged that service on the Bank was proper through the secretary of state and the long-arm statute because the Bank's registered agent was in New York. The Bank contends in its first issue that the Trust was required to serve its registered agent pursuant to a "very specific law regarding service of process on a financial institution," specifically section 17.028 of the civil practice and remedies code. And the Bank argues that the Trust did not attempt to serve the Bank under section 17.028 "before undertaking substituted service on the secretary of state."

Section 17.028 states:

(b) Except as provided by Subsection (c),[1] citation may be served on a financial institution by:

    (1) serving the registered agent of the financial institution; or

    (2) if the financial institution does not have a registered agent, serving the president or a branch manager at any office located in this state.

TEX. CIV. PRAC. & REM. CODE ANN. § 17.028(b) (West Supp. 2014).

---

[1] Subsection (c) addresses service of citation on a credit union and does not apply here.

Conversely, the Trust argues that section 17.028 does not apply in this case because "there is nothing in the record that shows that [the Bank] is amenable to service" under section 17.028. The Trust appears to argue that section 17.028 does not apply because the Bank is a foreign financial institution and, consequently, service was proper through the long-arm statute. The Trust does not cite, and we have not found, case authority construing section 17.028 in the context of a foreign financial institution. However, nothing in the language of section 17.028 limits its application to Texas financial institutions. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 17.028 (citing TEX. FIN. CODE ANN. § 201.101 (West 2006)).

Section 17.028 defines "financial institution" as follows:

(a) In this section, "financial institution" has the meaning assigned by Section 201.101, Finance Code.

*Id*. § 17.028(a). Section 201.101 of the finance code states:

(1) "Financial institution" means:

(A) a bank as defined for any purpose by Section 201.002(a)(4), whether chartered under the laws of this state, another state, the United States, or another country, including a state savings bank;

. . .

(2) "Out-of-state financial institution" means a financial institution that:

(A) is not chartered under the laws of this state; and

(B) has its main or principal office in another state or country.

(3) "Texas financial institution" means a financial institution that:

(A) is chartered under the laws of this state or under federal law; and

(B) has its main or principal office in this state.

TEX. FIN. CODE ANN. § 201.101(1)–(3).

If the legislature wanted to limit section 17.028's application to Texas financial institutions, it could have referred to the definition of "Texas financial institution" under section

–4–

201.101(3) of the finance code instead of referring generally to section 201.101. *See id*.; *see also Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 635 (Tex. 2010) ("We presume the Legislature selected language in a statute with care and that every word or phrase was used with a purpose in mind."). Additionally, section 17.028 states that if the financial institution does not have a registered agent in this state, a party may serve the financial institution's president or branch manager at any office in this state. TEX. CIV. PRAC. & REM. CODE ANN. § 17.028(b)(2). Although the Trust alleged that the Bank's registered agent was in New York, it did not allege that the Bank did not have a president or branch manager at any branch office in this state. *See id*.; *Primate Constr., Inc.*, 884 S.W.2d at 152.

The Trust also responds that it was not required to serve the Bank under section 17.028 because the language of the statute is permissive: it states that a financial institution "may be served" as provided in that section. Even if section 17.028 was not the exclusive method for serving the Bank, the record shows that service was not proper under the long-arm statute.

The long-arm statute provides, in relevant part:

(a) The secretary of state is an agent for service of process or complaint on a nonresident who:

(1) is required by statute to designate or maintain a resident agent or engages in business in this state, but has not designated or maintained a resident agent for service of process;

. . .

(3) is not required to designate an agent for service in this state, but becomes a nonresident after a cause of action arises in this state but before the cause is matured by suit in a court of competent jurisdiction.

(b) The secretary of state is an agent for service of process on a nonresident who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process, in any proceeding that arises out of the business done in this state and to which the nonresident is a party.

*Id*. § 17.044(a)(1)&(3), (b) (West 2008).

In its petition, the Trust alleged:

> Defendant is and has been a foreign financial institution and a foreign corporate fiduciary. It has designated its agent for service of process to be a person out of the State of Texas, as is identified hereinbelow. Further, Defendant has provided information to the Secretary of State as to its home and/or home office. Accordingly, service should be on the Secretary of State Citation Unit, P.O. Box 12079, Austin, Texas 78711-2079, pursuant to § 17.044, T.C.P. & R.C., who should then transmit the Citation and Petition to the Defendant at its home office, as identified in the files of the Secretary of State, and whose agent for service of process, who is identified as such on the records of the Secretary of State, as:

> Phebe Miller
> One Wall Street, 15th Floor
> New York, NY 10286

But the Trust did not allege that the Bank "is required by statute to designate or maintain a resident agent or engages in business in this state," as required by section 17.044(a)(1). And the Trust did not allege that the Bank "is not required to designate an agent for service in this state, but becomes a nonresident after a cause of action arises in this state but before the cause is matured by suit in a court of competent jurisdiction," as required by section 17.044(a)(3). Nor did the Trust allege that the Bank "engages in business in this state, but does not maintain a regular place of business in this state . . . in any proceeding that arises out of the business done in this state and to which the nonresident is a party," as required by section 17.044(b). In other words, even if these sections applied, the Trust did not allege facts which, if true, showed that the Bank was amenable to service through the secretary of state under any provision of the long-arm statute. *See id*. § 17.044; *MobileVision Imaging Servs.*, 260 S.W.3d at 565–66.

The Trust argues, however, that the Bank "appointed the Secretary of State as its agent for service, and designated an individual named Phebe Miller as the person to whom process should be directed." As support for this argument, the Trust asks us to consider documents that were not part of the trial court record. But we may not consider documents not contained in the trial court record. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848–49 (Tex. 2004).

–6–

The Trust also argues that service was proper under section 5.201 of the business organizations code because the Bank is a "filing entity or a foreign filing entity . . . [that] fails to appoint or does not maintain a registered agent in this state." *See* TEX. BUS. ORGS. CODE ANN. § 5.201 (West 2012). But the Trust did not rely on this provision for serving the Bank and did not raise this argument below. *See* TEX. R. APP. P. 33.1. Additionally, the petition does not contain allegations that the Bank is a "filing entity or a foreign filing entity" to which section 5.201 applies.

We conclude that the Bank has shown error apparent on the face of the record because the record shows that the Trust did not strictly comply with the rules for service of process on a financial institution or through the long-arm statute. *See MobileVision Imaging Servs.*, 260 S.W.3d at 565–66; *Medtek Lighting Corp. v. Jackson*, No. 05-04-00335-CV, 2005 WL 2002159, at *3 (Tex. App.—Dallas Aug. 22, 2005, pet. denied) (mem. op.). Consequently, the trial court did not acquire personal jurisdiction over the Bank and the default judgment is void. *MobileVision Imaging Servs.*, 260 S.W.3d at 567; *Medtek Lighting Corp.*, 2005 WL 2002159, at *3. Based on our resolution of the Bank's first issue, we do not need to decide the second issue.

## CONCLUSION

We reverse the default judgment and remand to the trial court for further proceedings.


/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

131149F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK, AS SUCCESSOR TRUSTEE TO JPMORGAN CHASE BANK, N.A. AS TRUSTEE FOR THE HOLDERS OF THE MLMI SURF TRUST, MORTGAGE LOAN-ASSET BACKED CERTIFICATES, SERIES 2005-BC, Appellant

On Appeal from the 422nd Judicial District Court, Kaufman County, Texas
Trial Court Cause No. 88084-422.
Opinion delivered by Justice Lang-Miers, Justices O'Neill and Brown participating.

No. 05-13-01149-CV        V.

REDBUD 115 LAND TRUST, Appellee

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant The Bank of New York Mellon f/k/a The Bank of New York, as Successor  Trustee to JPMorgan Chase Bank, N.A. as Trustee for the Holders of the MLMI Surf Trust, Mortgage Loan-Asset Backed Certificates, Series 2005-BC recover its costs of this appeal from appellee Redbud 115 Land Trust.

Judgment entered this 5th day of December, 2014.