**Affirmed; Opinion Filed January 2, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00067-CV

## CONVERGENCE AVIATION, INC. AND CONVERGENCE AVIATION, LTD., Appellants
## V.
## ONALA AVIATION, LLC, Appellee

**On Appeal from the 68th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-06541**

## MEMORANDUM OPINION

Before Justices Myers, Schenck, and Carlyle
Opinion by Justice Myers

Convergence Aviation, Inc. (Convergence Inc.) and Convergence Aviation, Ltd.

(Convergence Ltd.), bring a restricted appeal from the default judgment in favor of Onala Aviation,

LLC. Appellants bring two issues on appeal contending the trial court erred by granting the default

judgment because (1) appellants were not properly served; and (2) Onala's suit was barred by res

judicata. We conclude appellants have failed to show error on the face of the record, and we affirm

the trial court's judgment.

## BACKGROUND

According to Onala's first amended petition, in 2008, an engine on a Piper aircraft suffered

an in-flight failure. Onala and Convergence Inc. brought suit in Illinois against several parties

related to the incident. That suit concluded in 2014 with Convergence Inc. receiving substantial

sums. Meanwhile, in 2008, Onala and Convergence Inc. entered into an agreement for Onala to purchase the aircraft and for Convergence Inc. to repair the aircraft and deliver it to Onala with a certificate of airworthiness. Onala paid Convergence Inc. at least $350,000. When Convergence Inc. failed to repair the aircraft or deliver it Onala, Onala brought this suit. Onala's first amended petition brought one claim for breach of contract against appellants alleging appellants anticipatorily breached the contract by not repairing the aircraft to an airworthy condition and by not delivering title for the aircraft engine to Onala. Onala prayed for damages, an order that title to the aircraft engine be transferred to Onala, and judgment for possession of the engine.

In the motion for default judgment, Onala stated it paid appellees more than $396,000 for the aircraft and that the cost to repair the aircraft to an airworthy condition would be $580,000.

Onala served appellants through the Texas Secretary of State. The certificates of service from the Secretary of State say that copies of the citation and the original petition were forwarded to appellants at their address on Market Street in Wilmington, Delaware, and that the process was returned bearing the notation, "Return to Sender, Not Deliverable as Addressed, Unable to Forward." Onala moved for a no-answer default judgment against appellants, which the trial court granted on July 16, 2018. The default judgment orders that Onala recover damages of $580,000 from Convergence Inc., declares that Onala is the owner of the aircraft engine, and orders Convergence Inc. to deliver title to the engine to Onala. On January 14, 2019, appellants filed notice of restricted appeal.

**RESTRICTED APPEALS**

To prevail on a restricted appeal, the appellant must show:

(1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record.

*Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *see* TEX. R. APP. P. 26.1(c), 30. In this case, the record establishes the first three elements. We must determine whether appellants met the fourth element, that "error is apparent on the face of the record." *Alexander*, 134 S.W.3d at 848.

Before determining whether appellants have shown that error is apparent on the face of the record, we must determine what documents constitute "the record" subject to review for error. Specifically, we must determine whether the documents appellants attached to their notice of restricted appeal and documents in this clerk's record from another case with a different cause number constitute part of "the record" reviewed for error. These documents were not presented to the trial court before the court signed the default judgment, and they were not filed in this case until after the trial court lost plenary power to set aside the default judgment. *See* TEX. R. CIV. P. 329b(d).

Appellants assert that the face of the record "consists of all of the papers on file in the appeal." This is nearly verbatim to what the supreme court stated in *Norman Communications v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam): "The face of the record, for purposes of writ of error review, consists of all the papers on file in the appeal, including the statement of facts." This Court has quoted that statement in many opinions. *See, e.g.*, *Sims v. Dallas Cty.*, No. 05-18-00712-CV, 2019 WL 2004054, at *1 (Tex. App.—Dallas May 7, 2019, pet. denied) (mem. op.); *Dallas Cty. Constable Precinct 5 v. KingVision Pay-Per-View, Ltd.*, 219 S.W.3d 602, 611 (Tex. App.—Dallas 2007, no pet.). However, after *Norman*, both the supreme court and this Court have concluded that this statement about the record in a restricted appeal does not allow an appellate court to consider documents that were not before the trial court when it rendered the default judgment. *See Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848–49 (Tex. 2004); *MG Int'l Menswear, Inc. v. Robert Graham Designs LLC*, No. 05-18-00517-CV, 2019 WL

642724, at *2 (Tex. App.—Dallas Feb. 15, 2019, no pet.) (mem. op.) ("the error alleged by the appealing party must be apparent on the face of the record that existed at the time the default judgment was rendered."). In *Alexander*, the supreme court explained this restriction on the meaning of "record":

> The rule has long been that evidence not before the trial court prior to final judgment may not be considered in a writ of error proceeding. . . . Our system is founded upon a belief that trial courts should first be given the opportunity to consider and weigh factual evidence. Permitting challenge to a judgment based on affidavits first filed in the appellate court undermines this judicial structure. The appropriate remedy when extrinsic evidence is necessary to the challenge of a judgment is by motion for new trial, TEX. R. CIV. P. 320, or by bill of review filed in the trial court.

*Alexander*, 134 S.W.3d at 848–49 (quoting *Gen. Elec. Co. v. Falcon Ridge Apartments, Joint Venture*, 811 S.W.2d 942, 944 (Tex. 1991)). Extrinsic evidence not before the trial court at the time of the default judgment may be considered in a motion-for-new-trial or bill-of-review proceeding, but it cannot be considered in a restricted appeal. *Ginn v. Forrester*, 282 S.W.3d 430, 432–33 (Tex. 2009) (per curiam). Accordingly, even though the attachments to appellants' notice of appeal and the documents from the other case are papers on file in this appeal, they are extrinsic evidence that cannot be considered in determining whether there is error on the face of the record.[1] Instead, we consider only those documents that were before the trial court in this case at the time it signed the default judgment.

## SERVICE OF PROCESS

In their first issue, appellants contend the trial court erred by granting the default judgment because appellants and their counsel were not properly served. In a restricted appeal, we do not presume that citation was validly issued, served, or returned. *Bank of N.Y. Mellon v. Redbud 115 Land Trust*, 452 S.W.3d 868, 871 (Tex. App.—Dallas 2014, pet. denied). Instead, the plaintiff

---

[1] Whether appellants would be entitled to relief in a bill of review proceeding is not before us, and we make no determination of that matter.

must prove that each element of service was proper. *Id.* When a plaintiff relies on service through the Secretary of State, the record must show that (1) the defendant was amenable to service through the Secretary of State, and (2) the defendant was served in the manner required by the statute. *Id.*

Service on a business entity through the Texas Secretary of State is appropriate when the entity fails to appoint or does not maintain a registered agent in Texas. TEX. BUS. ORGS. CODE ANN. § 5.251. After service on the Secretary of State, the Secretary forwards the process to the corporation by certified mail, return-receipt requested. *Id.* § 5.253. A certificate of service from the Secretary of State conclusively establishes that process was served. *Campus Invs., Inc. v. Cullever*, 144 S.W.3d 464, 466 (Tex. 2004) (per curiam). When service on the Secretary of State is authorized, the receipt of service by the Secretary constitutes constructive notice of the lawsuit to the defendant. *Amor Real Estate Inv., Inc. v. AWC, Inc.*, No. 05-15-00887-CV, 2016 WL 2753572, at *2 (Tex. App.—Dallas May 10, 2016, no pet.) (mem. op.). Service of process on the Secretary of State is considered proper when the Secretary forwarded the citation and petition to the address in the petition, even if the face of the record shows the defendant did not receive the citation and petition. *Id.*; *see also BLS Limousine Serv., Inc. v. Buslease, Inc.*, 680 S.W.2d 543, 546 (Tex. App.—Dallas 1984, writ ref'd n.r.e.) (en banc) (service through Secretary of State was valid even thought certificate from Secretary stated the citations were returned with the notation "refused").

Onala's first amended petition (the original petition is not in the appellate record) alleged appellants are business entities organized under the laws of other states, that they engage in business in Texas, and that they have not designated and do not maintain a registered agent for service of process in Texas. Onala alleged both appellants could be served through the Texas Secretary of State and that the Secretary of State was deemed to be the appropriate agent for service of process on appellants. Onala alleged Convergence Inc. could be served at its business address

on Market Street in Wilmington, Delaware, and that Convergence Ltd. could be served through service on its trustee, Convergence Inc., on Market Street in Wilmington, Delaware. The record contains a certificate of service from the Secretary of State stating that each appellant was sent a copy of the citation and Onala's original petition by certified mail, return receipt requested, addressed to each appellant at the Market Street address. The certificates also state that the process was returned to the Secretary with the notation, "Return to Sender, Not Deliverable as Addressed, Unable to Forward."

Appellants assert Onala falsely stated in the petition that Convergence Inc. did not have a registered agent in Texas for service of process. Appellants also assert the address listed in the petition for them was not correct. In support of these statements, appellants cite to an affidavit and exhibits attached to their notice of appeal. Those documents were not before the trial court in this case when the court signed the default judgment. Accordingly, they are extrinsic evidence and we may not consider them in this restricted appeal. The only indications in the record subject to review in this appeal about whether service on appellants through the Secretary of State was authorized are the statements in the petition that appellants do not maintain a registered agent in Texas for service of process. Nothing in the record subject to review contradicts these statements.

Appellants also argue that the record does not show that Onala exercised any diligence in determining appellants' true address. Appellants cite no authority for the proposition that the record must contain evidence of the plaintiff's diligence in ascertaining a defendant's correct address for service of process. TEX. R. APP. P. 38.1(i) (appellant's brief must include appropriate citations to authorities).

Appellants also assert Onala should have notified their counsel from a recently concluded suit between Convergence, Inc. and Onala that Onala had filed this suit. The face of the record contains no evidence of this suit. The only suit mentioned in the papers in this case that were

before the trial court when it signed the default judgment was the Illinois suit Onala brought with Convergence Inc. against other parties. Those papers do not disclose who appellants' attorney was in that case or whether that attorney still represented appellants. Moreover, appellants cite no authority in support of their argument that Onala was required to give their attorney notice of this lawsuit. TEX. R. APP. P. 38.1(i) (appellant's brief must include appropriate citations to authorities).

We conclude the face of the record that may be considered in a restricted appeal does not show appellants were not properly served in this case. We overrule appellants' first issue.

## RES JUDICATA

In their second issue, appellants contend the trial court erred by rendering the default judgment because this case was barred by res judicata. In *Allied Bank of Dallas v. Pleasant Homes, Inc.*, 757 S.W.2d 460 (Tex. App.—Dallas 1988), *writ denied per curiam*, 776 S.W.2d 153 (Tex. 1989), we concluded the appellant showed error on the face of the record because the plaintiff's pleadings established the suit was barred by res judicata. *Id.* at 461–62.

Appellants assert that Onala's claims in this case are identical to claims presented in another case in which the trial court granted Convergence Inc.'s motion for summary judgment. That case was filed under a different cause number. Appellants had the papers from that case included in the clerk's record in this case. The papers from that case were not before the trial court in this case when it signed the default judgment. Those documents are extrinsic evidence that we cannot consider in this case in determining whether there is error on the face of the record. As the supreme court has explained, "The appropriate remedy when extrinsic evidence is necessary to the challenge of a judgment is by motion for new trial or by bill of review filed in the trial court," not by restricted appeal. *Alexander*, 134 S.W.3d at 849 (citation omitted). The record that can be considered does not contain evidence of the prior suit. We conclude appellants have not shown Onala's suit was barred by res judicata. We overrule appellants' second issue.

–7–

**CONCLUSION**

We conclude appellants have not met the fourth element for a restricted appeal, that error is apparent on the face of the record. We affirm the trial court's judgment.


/Lana Myers/
LANA MYERS
JUSTICE


190067F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CONVERGENCE AVIATION, INC. AND
CONVERGENCE AVIATION, LTD.,
Appellants

No. 05-19-00067-CV      V.

ONALA AVIATION, LLC, Appellee

On Appeal from the 68th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-16-06541.
Opinion delivered by Justice Myers.
Justices Schenck and Carlyle participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee ONALA AVIATION, LLC recover its costs of this appeal from appellants CONVERGENCE AVIATION, INC. AND CONVERGENCE AVIATION, LTD.

Judgment entered this 2nd day of January, 2020.