# NO. 12-20-00178-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR THE REGISTERED HOLDERS OF MORGAN STANLEY ABS CAPITAL I INC., TRUST 2007-NC4 MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2007-NC4, APPELLANT* | *§* | *APPEAL FROM THE 149TH* |
| | *§* | *JUDICIAL DISTRICT COURT* |
| *V.* | | |
| *KINDI SHEPARD, APPELLEE* | *§* | *BRAZORIA COUNTY, TEXAS* |

---

## *MEMORANDUM OPINION*

Deutsche Bank National Trust Company, as Trustee for the Registered Holders of Morgan Stanley ABS Capital I Inc., Trust 2007-NC4 Mortgage Pass Through Certificates, Series 2007-NC4 (DBNTC) filed this restricted appeal of the trial court's order granting a no-answer default judgment in favor of Kindi Shepard. Deutsche Bank raises two issues on appeal. We reverse and remand.

## Background

Shepard filed her original petition on March 3, 2020, seeking to stop the foreclosure sale of her real property. In her petition, she alleged several causes of action including breach of contract, violations of the Texas Debt Collection Act, violations of the Texas Deceptive Trade Practices Act, and promissory estoppel. Shepard requested relief in the form of actual damages, exemplary damages, nominal damages, and attorney's fees. She further requested a temporary

1

restraining order and permanent injunction to prevent the foreclosure sale scheduled for the same day.

On April 2, the Brazoria County District Clerk attempted to complete service via certified mail to "Deutsche Bank c/o Corporate Officer" in New York. In the return of service, the Deputy District Clerk certified that she served the Defendant on April 10. DBNTC did not answer or make an appearance. Shepard filed a motion for default judgment on May 29 and asked the trial court to issue a permanent injunction preventing the foreclosure sale of her property and award her attorney's fees. She further sought the issuance of writs and processes necessary to execute the judgment. The motion was submitted to the trial court without oral argument, and the trial court granted Shepard the relief requested on June 2.

The writ of execution was issued on July 7, directing any sheriff or constable to execute the writ and collect $4,898.68 plus post-judgment interest. On July 8, a Dallas County Constable appeared at the office of Deutsche Bank Securities, Inc. (DBSI) in Dallas, seeking to seize property to satisfy the judgment. DBSI is a separate company unrelated to this lawsuit. However, DBNTC ultimately learned of the suit following the incident at DBSI. DBNTC filed a restricted appeal of the default judgment.

### RESTRICTED APPEAL

DBNTC alleges two grounds for setting aside the default judgment and granting a new trial: (1) Shepard did not properly serve DBNTC; and (2) the trial court's judgment granted relief that Shepard did not request in her petition.

**Standard of Review**

A restricted appeal is a procedural device available to a party who did not participate, either in person or through counsel, in a proceeding that resulted in a judgment against the party. *See* TEX. R. APP. P. 30. It is a direct attack on a judgment. ***Roventini v. Ocular Scis., Inc.***, 111 S.W.3d 719, 721 (Tex. App.—Houston [1st Dist.] 2003, no pet.). The elements necessary to prevail on a restricted appeal are that the appellant: (1) filed notice of the restricted appeal within six months after the judgment was signed; (2) was a party to the underlying lawsuit; (3) did not participate in the hearing that resulted in the judgment he complains of, nor timely file any post judgment motions or requests for findings of fact and conclusions of law; and (4) is able to demonstrate error is "apparent on the face of the record." ***Ins. Co. of State of Penn. v. Lejeune***,

297 S.W.3d 254, 255 (Tex. 2009); *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *see also* TEX. R. APP. P. 26.1(c), 30. Only the fourth element—error "apparent on the face of the record"—is in question here.

Although review by restricted appeal affords review of the entire case and thus permits the same scope of review as an ordinary appeal, the face of the record must reveal the claimed error. *Roventini*, 111 S.W.3d at 721 (citing *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (decided under predecessor writ-of-error practice)). The face of the record in a restricted appeal consists of the papers on file with the court when it rendered judgment. *Barker CATV Constr., Inc. v. Ampro, Inc.*, 989 S.W.2d 789, 794 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (on motion for rehearing) (citing *Gen. Elec. Co. v. Falcon Ridge Apartments Joint Venture*, 811 S.W.2d 942, 944 (Tex. 1991) (decided under predecessor writ-of-error practice)). Accordingly, we may not consider, as part of the record, evidence or documents that were not before the trial court when it rendered judgment. *Barker CATV Constr.*, 989 S.W.2d at 794–95; *see also Gen. Elec. Co.*, 811 S.W.2d at 944. Error generally may not be inferred from silence in the record; thus, absent affirmative proof of error, a restricted appeal fails. *See Alexander*, 134 S.W.3d at 849–50 (holding silence in the record on restricted appeal about whether notice was provided in hearing to dismiss for want of prosecution amounts to absence of proof of error).

**Service of Process**

A no-answer default judgment cannot stand when the defendant was not served in strict compliance with the applicable requirements. *Spanton v. Bellah*, 612 S.W.3d 314, 316 (Tex. 2020). Because no-answer default judgments are disfavored and trial courts lack jurisdiction over a defendant who was not properly served with process, we indulge no presumptions in favor of valid issuance, service, or return of citation. *Id.* Service of process that does not strictly comply with the rules' requirements is "invalid and of no effect." *Id.* at 317. Instead, the prevailing party bears the burden to prove proper service of process. *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 153 (Tex. 1994) (per curiam).

Shepard filed her original petition, application for injunctive relief, and request for disclosures, naming "Deutsche Bank National Trust Company" as the defendant. Alleging the defendant was a foreign limited liability company formed under the laws of the state of Delaware, the petition instructed that service should be upon its registered agent at an address in

New York. The District Clerk of Brazoria County issued citation via certified mail to "Deutsche Bank c/o corporate officer" to the address provided in New York. However, DBNTC's main office is located in Los Angeles, California.

Section 17.028 of the Texas Civil Practice and Remedies Code outlines the procedure for giving notice of a lawsuit to a "financial institution" as defined by Section 201.101 of the Texas Finance Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 17.028 (West 2015). In relevant part, Section 17.028 provides that "citation may be served on a financial institution by: (1) serving the registered agent of the financial institution; or (2) if the financial institution does not have a registered agent, serving the president or a branch manager at any office located in this state." *Id*. § 17.028(b).

"[W]hen a procedure for giving notice and obtaining jurisdiction is statutorily established, that method is generally exclusive and the form prescribed must be followed with reasonable strictness." ***Colson v. Thunderbird Bldg. Materials****,* 589 S.W.2d 836, 840 (Tex. Civ. App.–Amarillo 1979, writ ref'd n.r.e.). "Thus, when there is a specific statute that sets out the steps that must be taken, the inquiry is not whether the defendant had actual knowledge of the proceeding against him; rather, the question is whether that knowledge was conveyed to him in the manner required by the statute." *Id*. Service in compliance with Section 17.028 is mandatory. ***Bank of New York v. Chesapeake 34771 Land Trust***, 456 S.W.3d 628, 633 (Tex. App.—El Paso 2015, pet. denied).

Service of process on the Bank was ineffective because it was not effectuated pursuant to Section 17.028. A party suing a financial institution in Texas must serve process on the institution in accordance with Section 17.028; otherwise, service is ineffective. *See **The Bank of New York Mellon v. Redbud 115 Land Trust***, 452 S.W.3d 868, 871–73 (Tex. App.–Dallas 2014, pet. denied) (concluding that Section 17.028 is the exclusive method for serving a financial institution, foreign, or domestic); ***Bank of New York Mellon v. Soniavou Books, LLC****,* 403 S.W.3d 900, 903 (Tex. App.–Houston [14th Dist.] 2013, no pet.) (concluding that bank was not properly served under Section 17.028 in light of plaintiff's concession that it did not serve bank in accordance with Section 17.028 in suit challenging foreclosure sale). It is beyond dispute that the Bank is a financial institution. *See* TEX. FIN. CODE ANN. § 201.101 (West 2016) (including within the definition of a "financial institution" a bank or trust company chartered in another

state).  It is also beyond dispute that Shepard did not serve the Bank in accordance with Section 17.028.

It is apparent from the face of the record that service of process on DBNTC was improper.[1]  Accordingly, we sustain DBTC's first issue and need not address its second issue. *See* TEX. R. APP. P. 47.1.

<h3 style="text-align:center">DISPOSITION</h3>

Having sustained DBNTC's first issue, we ***reverse*** the trial court's judgment and ***remand*** the case for further proceedings consistent with this opinion.

**GREG NEELEY**
Justice

Opinion delivered April 21, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

[1] We further note that Shepard listed different entities as the defendant in her petition and citation, which also renders citation invalid and ineffective.  *See **Deutsche Bank, Nat'l Trust Co. v. Kingman Holdings, LLC***, No. 05-14-00855-CV, 2015 WL 6523712, at *3 (Tex. App.—Dallas Oct. 5, 2015, pet. denied) (mem. op.).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 21, 2021**

**NO. 12-20-00178-CV**

**DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR THE REGISTERED HOLDERS OF MORGAN STANLEY ABS CAPITAL I INC., TRUST 2007-NC4 MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2007-NC4,**
Appellant
V.
**KINDI SHEPARD,**
Appellee

Appeal from the 149th District Court
of Brazoria County, Texas (Tr.Ct.No. 107113-CV)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, because it is the opinion of this Court that there was error in judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this Court that the judgment be **reversed** and the cause **remanded** to the trial court **for further proceedings** in accordance with the opinion of this Court; all costs of this appeal are assessed against Appellee, **KINDI SHEPARD**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*