**Affirm and Opinion Filed August 3, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00123-CV**

**SAMUELS AND SONS, LLC AND SSL CONSULT, LLC, Appellants**
**V.**
**CAROLINE WILLIAMSON, MARY TUCKER, AND JACOB SHARP,**
**Appellees**

**On Appeal from the County Court at Law No. 4**
**Dallas County, Texas**
**Trial Court Cause No. CC-20-00796-D**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Nowell
Opinion by Justice Nowell

Appellants Samuels and Sons, LLC and SSL Consult, LLC filed this restricted appeal from a no-answer default judgment entered in favor of appellees Caroline Williamson, Mary Tucker, and Jacob Sharp. In a single issue, appellants assert the trial court erred by granting the default judgment because they were not properly served and they were not on notice of the suit at the time the default judgment was entered. We conclude appellants have failed to show error on the face of the record. We affirm the trial court's judgment.

Appellees sued appellants for breach of contract and violations of the Texas Property Code. Plaintiffs' Original Petition states that each appellant is a Texas limited liability company, and the petition provides the name and address for each appellant's registered agent. Pursuant to Texas Business Organizations Code section 5.251, appellees served appellants through the Texas Secretary of State. The Secretary of State's certificates of service show that the Secretary received copies of the citations and Plaintiffs' Original Petition and then forwarded the documents to appellants' registered agents via certified mail; however, the documents were returned to the Secretary bearing the notation "Return to Sender, Not Deliverable as Addressed, Unable to Forward." Appellees moved for default judgment against appellants, which the trial court granted. This restricted appeal followed.

To prevail on a restricted appeal, the appellant must establish four elements: (1) it filed the appeal within six months after judgment was signed; (2) it was a party to the lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of, and it did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014) (per curiam); *see also* TEX. R. APP. P. 26.1(c), 30. The fourth element is at issue here.

In a restricted appeal, we do not presume that citation was validly issued, served, or returned. *Convergence Aviation, Inc. v. Onala Aviation, LLC*, No. 05-19-00067-CV, 2020 WL 29716, at *3 (Tex. App.—Dallas Jan. 2, 2020, no pet.) (mem.

–2–

op.) (citing *Bank of N.Y. Mellon v. Redbud 115 Land Trust*, 452 S.W.3d 868, 871 (Tex. App.—Dallas 2014, pet. denied)). Instead, the plaintiff must prove that each element of service was proper. *Id*. (citing *Redbud 115 Land Trust*, 452 S.W.3d at 871). When a plaintiff relies on service through the Secretary of State, the record must show that (1) the defendant was amenable to service through the Secretary of State, and (2) the defendant was served in the manner required by the statute. *Id*. (citing *Redbud 115 Land Trust*, 452 S.W.3d at 871).

The Texas Business Organizations Act requires all filing entities to "designate and continuously maintain" a registered agent and registered office in the state. TEX. BUS. ORGS. CODE ANN. § 5.201(a). A registered agent is "an agent of the entity on whom may be served any process." *Id*. § 5.201(b)(1). Service on a business entity through the Secretary of State is appropriate when the entity fails to appoint or does not maintain a registered agent in the state or the registered agent cannot with reasonable diligence be found at the registered office of the entity. *See id*. § 5.251(1); *see also Convergence Aviation, Inc.*, 2020 WL 29716, at *3. Service on the Secretary of State pursuant to section 5.251 is effected by delivering to the Secretary duplicate copies of the process, notice, or demand and accompanying the copies with any fee required by law. *See* TEX. BUS. ORGS. CODE ANN. § 5.252(a). After service is made in compliance with section 5.252, the Secretary must send one copy of the process to the named entity; the notice must be addressed to the most recent address of the entity on file with the Secretary and must be sent by certified mail, return receipt

requested. *See id.* § 5.253. A certificate of service from the Secretary of State conclusively establishes that process was served. *Convergence Aviation, Inc.*, 2020 WL 29716, at *3 (citing *Campus Invs., Inc. v. Cullever*, 144 S.W.3d 464, 466 (Tex. 2004) (per curiam) ("When substituted service on a statutory agent is allowed, the designee is not an agent for serving but for receiving process on the defendant's behalf.")); *see also Pirate Oilfield Services, Inc. v. Cunningham*, 631 S.W.3d 421, 427 (Tex. App.—Eastland 2021, no pet.) ("The certificate of the secretary of state constitutes conclusive evidence that process was served."). "Service of process on the Secretary of State is considered proper when the Secretary forwarded the citation and petition to the address in the petition, even if the face of the record shows the defendant did not receive the citation and petition." *Convergence Aviation, Inc.*, 2020 WL 29716, at *3 (citing *Amor Real Estate Inv., Inc. v. AWC, Inc.*, No. 05-15-00887-CV, 2016 WL 2753572, at *2 (Tex. App.—Dallas May 10, 2016, no pet.) (mem. op.); *BLS Limousine Serv., Inc. v. Buslease, Inc.*, 680 S.W.2d 543, 546 (Tex. App.—Dallas 1984, writ ref'd n.r.e.) (en banc) (service through Secretary of State was valid even though certificate from Secretary stated the citations were returned with the notation "refused")). Further, when service on the Secretary of State is authorized, the receipt of service by the Secretary constitutes constructive notice of the lawsuit to the defendant. *Convergence Aviation, Inc.*, 2020 WL 29716, at *3 (citing *AWC, Inc.*, 2016 WL 2753572, at *2).

In this restricted appeal, appellants assert they were not properly served because "the returns of service indicate that the certified mailings sent by the Texas Secretary of State were returned to the Texas Secretary of State bearing the notation of 'Return to Sender, Unclaimed, Unable to Forward.'" Additionally, they argue, the return of service must contain the return receipt with the addressee's signature, but such receipts were not part of the return of service in this case because the mail was not delivered to appellants.

Appellants were served pursuant to section 5.251. The record reflects that, after the Secretary received copies of the petition and citation, the Secretary fulfilled its statutory duty by forwarding the process to appellants' registered agents at their registered offices by certified mail. *See* TEX. BUS. ORGS. CODE ANN. § 5.253. After doing so, when the Secretary of State filed certifications stating it received the process and forwarded it to the registered agents' addresses, those certifications were conclusive proof, absent evidence of fraud or mistake, that process was properly served in compliance with the Code. *See Campus Invs., Inc. v. Cullever*, 144 S.W.3d 464, 465 (Tex. 2004); *see also Capitol Brick, Inc. v. Fleming Mfg. Co.*, 722 S.W.2d 399, 401 (Tex. 1986). The fact that the process was returned to the Secretary as undeliverable does not alter this analysis. *See Convergence Aviation, Inc.*, 2020 WL 29716, at *3-4.

The Secretary's certificate here conclusively proves valid service on appellants. *See Campus Invs.*, 144 S.W.3d at 466; *Black v. Lakeland W. Capital*

*XXIII, LLC*, No. 05-20-00831-CV, 2022 WL 2680610, at *2 (Tex. App.—Dallas July 12, 2022, no pet. h.) (mem. op.). Further, the receipt of service by the Secretary constitutes constructive notice of the lawsuit to appellants. *Convergence Aviation, Inc.*, 2020 WL 29716, at *3 (citing *AWC, Inc.*, 2016 WL 2753572, at *2).

We conclude the face of the record does not show appellants were not properly served. Appellants have not met their burden to satisfy the fourth element of a restricted appeal, that error is apparent on the face of the record. We overrule appellants' sole issue.

We affirm the trial court's judgment.

210123f.p05

/Erin A. Nowell//
ERIN A. NOWELL
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SAMUELS AND SONS, LLC AND
SSL CONSULT, LLC, Appellants

No. 05-21-00123-CV     V.

CAROLINE WILLIAMSON,
MARY TUCKER, AND JACOB
SHAPE, Appellees

On Appeal from the County Court at
Law No. 4, Dallas County, Texas
Trial Court Cause No. CC-20-00796-
D.
Opinion delivered by Justice Nowell.
Justices Partida-Kipness and
Pedersen, III participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees CAROLINE WILLIAMSON, MARY TUCKER, AND JACOB SHAPE recover their costs of this appeal from appellants SAMUELS AND SONS, LLC AND SSL CONSULT, LLC, Appellants

Judgment entered this 3rd day of August 2022.