**REVERSE and REMAND and Opinion Filed August 12, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-23-00656-CV

**DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, IN TRUST FOR THE REGISTERED HOLDERS OF MORGAN STANLEY ABS CAPITAL 1 TRUST 2006-NC5 MORTGAGE PASS THROUGH CERTIFICATES SERIES 2006-NC5, Appellant**
**V.**
**KINGDOM GROUP INVESTMENTS, INC., Appellee**

**On Appeal from the 471st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 471-05683-2022**

## MEMORANDUM OPINION

Before Justices Molberg, Pedersen, III, and Goldstein
Opinion by Justice Goldstein

Deutsche Bank National Trust Company, as trustee in trust for the registered holders of Morgan Stanley ABS Capital 1 Trust 2006-NC5 mortgage pass through certificates series 2006-NC5 appeals the trial court's default judgment declaring Kingdom Group Investments, Inc. the owner of certain property in Murphy, Texas, and discharging a deed of trust claimed by Deutsche Bank encumbering the property. In a single issue, Deutsche Bank argues the trial court lacked jurisdiction to enter the

default judgment because attempted service on Deutsche Bank was invalid. We reverse the trial court's default judgment and remand for further proceedings.

## BACKGROUND

In October 2022, Kingdom Group filed its original petition alleging Deutsche Bank claimed ownership of certain property in Murphy, Texas. Kingdom Group brought an action to quiet title asking the trial court to render a decree that Kingdom Group owns the property free and clear of any lien claimed by Deutsche Bank. Regarding service of process, the petition provided the following:

> Defendant is sued in its capacity as a foreign fiduciary corporation. Defendant has not registered to do business in the State of Texas with the Secretary of State, either as a foreign fiduciary corporation or as a foreign corporation. It does not maintain a registered agent for service of process, and has no regular place of business in the State of Texas. Accordingly, service of process should be upon the Texas Secretary of State, pursuant to C.P.R.C. Section 17.044. Process should then be transmitted to Defendant at its home office, as shown on the records of the Collin County clerk . . .

The petition then listed an address for Deutsche Bank in Irving, California. Thus, Kingdom Group asserted substituted service of process on the secretary of state was proper under the Texas long-arm statute. *See* TEX. CIV. PRAC. & REM. CODE § 17.044.

Attached to the petition were copies of the citation and the "Whitney Certificate"[1] from the Texas Secretary of State stating that a copy of the citation and original petition in the cause styled "Deutsche Bank National Trust Company, as

---

[1] *See Whitney v. L&L Realty Corp.*, 500 S.W.2d 94 (Tex. 1973).

–2–

trustee in trust for the registered holders of Morgan Stanley ABS Capital 1 Trust 2006-NC5 mortgage pass through certificates series 2006-NC5" was received and forwarded via certified mail, return receipt requested, to "*Detusche* Bank National Trust Company, as trustee in trust for the registered holders of Morgan Stanley ABS Capital 1 Trust 2006-NC5 mortgage pass through certificates series 2006-NC5." (Emphasis added). The citation also correctly named "Deutsche Bank" in its style and incorrectly named "Detusche Bank" in one place where it listed the party to whom the citation was directed. The Whitney Certificate stated that "The PROCESS was returned to this office on February 16, 2023, Bearing The Notation Return To Sender, Attempted - Not Known, Unable To Forward."

In March 2023, Kingdom Group filed a motion for entry of default judgment against Deutsch Bank alleging the return of service was "in due form" and had been on file for more than ten days, the appearance date had lapsed, and Deutsche Bank failed to appear or otherwise answer. The motion stated that, by virtue of its default, Deutsche Bank admitted the material allegations of Kingdom Group's petition. Therefore, Kingdom Group asked the court to enter a final judgment in its favor. That same day, the trial court entered judgment in favor of Kingdom Group declaring it the owner of the property in Murphy, Texas, and discharging a deed of trust claimed by Deutsche Bank encumbering the property. This restricted appeal followed.

–3–

**ANALYSIS**

In a single issue, Deutsche Bank argues the trial court lacked jurisdiction to enter a default judgment because attempted service on Deutsche Bank was invalid.

To prevail on its restricted appeal, Deutsche Bank must establish that: (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. TEX. R. APP. P. 26.1(c), 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). Deutsche Bank focuses its argument on the fourth element, arguing that error is apparent on the face of the record, which shows Kingdom Group failed to follow the mandatory provisions of section 17.028 of the civil practice and remedies code in serving process on Deutsche Bank. *See* TEX. CIV. PRAC. & REM. CODE § 17.028; *Alexander*, 134 S.W.3d at 848.

Section 17.028 provides citation may be served on a financial institution by: (1) serving the registered agent of the financial institution; or (2) if the financial institution does not have a registered agent, serving the president or a branch manager at any office located in this state. TEX. CIV. PRAC. & REM. CODE § 17.028.

In *Moss*, a case which we find dispositive of this appeal, Moss failed to serve the "registered agent" that the defendant bank had designated under the business organizations code. *U.S. Bank Nat'l Ass'n as Tr. for Residential Asset Mortg. Prod.,*

*Inc., Mortg. Asset-Backed Pass-Through Certificates Series 2005-EFC2 v. Moss*, 644 S.W.3d 130, 131 (Tex. 2022). Instead, because the bank was domiciled in Ohio and acting as a foreign corporate fiduciary in Texas,[2] Moss served it with process by serving the secretary of state under Chapter 505 of the estates code. *Id.* at 131–32. Section 505.004 of the estates code provides that a foreign corporate fiduciary must appoint the secretary of state as the fiduciary's agent for service of process "in an action or proceeding relating to a trust, estate, fund, or other matter within this state with respect to which the fiduciary is acting in a fiduciary capacity." TEX. EST. CODE § 505.004(a)(2). The secretary issued a Whitney Certificate documenting that the secretary's office forwarded the citation by certified mail to Kristin A. Strong, whom the bank had designated under Chapter 505 as the person to receive process. *Id.* at 132. The citation was returned to the secretary bearing the notation "Return to Sender, No Such Number, Unable to Forward." *Id.* Moss moved for a no-answer default judgment, which the trial court granted. *Id.*

The Texas Supreme Court determined that compliance with section 17.028 is mandatory when the defendant is a financial institution. *Id.* at 134. Even though, as required by Chapter 505, the bank appointed the secretary of state as its "agent," the supreme court held that the secretary of state was not the bank's "registered agent" for purposes of section 17.028. *Id.* at 136. Thus, because Moss did not serve the

---

[2] A "foreign corporate fiduciary" is "a corporate fiduciary that does not have its main branch or a branch office in this state." TEX. EST. CODE § 505.001.

bank's "registered agent" it designated under the business organizations code, the bank was entitled to have the default judgment set aside. *Id.* at 137.

Relying on *Moss*, Deutsche Bank asserts that section 17.028 "provide[s] the exclusive methods of service on financial institutions." *Id.* at 134. We agree.[3] Moreover, although Kingdom Group relied on service of process under the Texas long-arm statute, Kingdom Group did not comply with that statute. Kingdom Group did not allege that Deutsche Bank is required by statute to designate or maintain a resident agent or engages in business in this state, but has not designated or maintained a resident agent for service of process. *See* TEX. CIV. PRAC. & REM. CODE § 17.044(a)(1). And Kingdom Group did not allege that Deutsche Bank is not required to designate an agent for service in this state, but becomes a nonresident after a cause of action arises in this state but before the cause is matured by suit in a court of competent jurisdiction. *See id.* § 17.044(a)(3). In other words, even if these sections applied, Kingdom Group did not allege facts which, if true, showed that Deutsche Bank was amenable to service through the secretary of state under these

---

[3] This Court recently determined that service under section 17.028 is mandatory, following *Moss*. *Bank of New York Mellon v. FFGGP, Inc.*, No. 05-20-00384-CV, 2022 WL 732079 (Tex. App.—Dallas 2022, no pet.). We are bound for follow this Court's precedent. *Int. of I.J.N.*, No. 05-21-00738-CV, 2023 WL 2674079, at *2 (Tex. App.—Dallas Mar. 29, 2023, no pet.) (we follow our own precedent and may not overrule a prior panel decision of this Court, absent an intervening change in the law by the legislature, a higher court, or this Court sitting en banc) (citing *Mitschke v. Borromeo*, 645 S.W.3d 251, 256 n.8 (Tex. 2022) (noting single panel of a multi-member court lacks power to overrule a precedent).

provisions of the long-arm statute. *See id.* § 17.044; *The Bank of New York Mellon v. Redbud 115 Land Tr.*, 452 S.W.3d 868, 873 (Tex. App.—Dallas 2014). We conclude that Deutsche Bank has shown error apparent on the face of the record because the record shows that Kingdom Group did not strictly comply with the rules for service of process on a financial institution or through the long-arm statute. *See Moss*, 644 S.W.3d at 134–37; *Bank of New York Mellon*, 452 S.W.3d at 872–73. Consequently, the trial court did not acquire personal jurisdiction over Deutsche Bank, and the default judgment is void. *See Bank of New York Mellon*, 452 S.W.3d at 873–74. We sustain Deutsche Bank's single issue.

We reverse the trial court's default judgment and remand for further proceedings.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
230656F.P05      JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, IN TRUST FOR THE REGISTERED HOLDERS OF MORGAN STANLEY ABS CAPITAL 1 TRUST 2006-NC5 MORTGAGE PASS THROUGH CERTIFICATES SERIES 2006-NC5, Appellant

No. 05-23-00656-CV    V.

KINGDOM GROUP INVESTMENTS, INC., Appellee

On Appeal from the 471st Judicial District Court, Collin County, Texas
Trial Court Cause No. 471-05683-2022.
Opinion delivered by Justice Goldstein. Justices Molberg and Pedersen, III participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, IN TRUST FOR THE REGISTERED HOLDERS OF MORGAN STANLEY ABS CAPITAL 1 TRUST 2006-NC5 MORTGAGE PASS THROUGH CERTIFICATES SERIES 2006-NC5 recover its costs of this appeal from appellee KINGDOM GROUP INVESTMENTS, INC.

Judgment entered this 12th day of August 2024.